The STATE of Ohio, Appellee,

v.

MURCHISON, Appellant.

[Cite as *State v. Murchison* (1991), 72 Ohio App.3d 840.]

Court of Appeals of Ohio,
Franklin County.

Nos. 90AP–1178, 90AP–1179.

Decided March 14, 1991.

*Ronald J. O'Brien,* City Attorney, *James J. Fais,* City Prosecutor, and *Thomas K. Lindsey,* for appellee.

*Richard F. Swope,* for appellant.

JOHN C. YOUNG, Judge.

On June 14, 1990, appellant, Donald Murchison, was charged with operating a motor vehicle while under the influence of alcohol, in violation of R.C. 4511.19(A)(1), and driving while under an FRA suspension, in violation of R.C. 4507.02(B). On September 10, 1990, the parties stipulated certain facts and the appellant made a motion to dismiss or, in the alternative, to suppress the evidence obtained by the State Highway Patrolman who made the arrest. The trial court overruled appellant's motion and the appellant entered a no contest plea to the charge of driving while under the influence of alcohol and to the amended charge of driving without a valid driver's license. The trial court found the appellant guilty and imposed sentence, which was stayed pending this appeal. Appellant raises the following assignment of error:

"1. The trial Court erred when it failed to dismiss the case against Defendant or in the alternative, suppress all evidence obtained in an unreasonable search and seizure by a state highway patrolman acting outside his jurisdiction and acting without necessary probable cause to arrest."

Appellant first argues that the State Highway Patrol officer who arrested him was acting outside the scope of his jurisdiction and was without authority to arrest him. According to appellant, the State Highway Patrol does not have jurisdiction to make arrests for traffic violations on Columbus city streets.

At the hearing on September 10, 1990, the parties stipulated to the facts as follows:

"[Prosecutor]: It's my understanding there will be a plea of no contest entered to the OMVI charge, which is –1 and the no operator's license charge, which is –2.

"But there is also a stipulated, brief fact pattern that defense counsel would like into the record before the Court rules.

"[Defense counsel]: It is my understanding that counsel for the State is willing to stipulate that Sullivant Avenue east of Wilson Road, where this arrest occurred, is not a state highway but a city street, is that correct?

"[Prosecutor]: City of Columbus, within Franklin County, State of Ohio.

"[Defense counsel]: And that the arresting officer in this incident was a State Highway Patrol officer and not a city officer, is that correct?

"[Prosecutor]: It was a State Highway Patrol officer, who was at the time in uniform and a marked cruiser.

"[Defense counsel]: We agree to that.

"[Prosecutor]: He enforces the traffic laws under the State of Ohio.

"THE COURT: Who also charged him under the State of Ohio.

"[Defense counsel]: That's correct.

"In light of that, we would make a motion to dismiss or, in the alternative, if necessary, a motion to suppress the evidence on the grounds that the officer had no authority to arrest; that this was a seizure within the Fourth Amendment and similar provisions of the Ohio Constitution and, therefore, the case should even be dismissed with the evidence not suppressed."

The duties and powers of the State Highway Patrol are set forth in R.C. 5503.02(A), which provides, in pertinent part, as follows:

"The state highway patrol shall enforce the laws of the state relating to the titling, registration, and licensing of motor vehicles; enforce on *all roads and highways*, notwithstanding section 4513.39 of the Revised Code, the laws relating to the operation and use of vehicles on the highways * * *." (Emphasis added.)

Appellant contends that the above statute limits the authority of the highway patrol to enforce traffic laws on state roads and highways. Appellant contends that "all roads and highways" would not include a city street. However, appellant is unable to cite any cases to support this theory.

R.C. 1.42 provides, in pertinent part, that "[w]ords and phrases shall be read in *context* and construed according to the rules of grammar and *common usage.* * * *" (Emphasis added.) See, also, *Eastman v. State* (1936), 131 Ohio St. 1, 5 O.O. 248, 1 N.E.2d 140, paragraph five of the syllabus; *State v. Scott* (1982), 69 Ohio St.2d 439, 23 O.O.3d 390, 432 N.E.2d 798.

■ The trial court correctly determined that Sullivant Avenue, although a city street, is indeed a road. Such determination is consistent with the common usage of the word "road." Furthermore, the word "highway" could

also include a city street. According to both Webster's New Twentieth Century Dictionary (2 Ed.1983), and the Random House Dictionary (2 Ed. 1987), a "highway" is defined as a public road, or any road fully open to the public. Given the common meaning of the words "road" and "highway," a city street is included within the State Highway Patrol's authority to enforce the traffic laws. Therefore, the State Highway Patrol has the authority to arrest for traffic violations occurring on city streets, city avenues, city boulevards, city courts, and any other term utilized to designate a road.

██ Appellant's second argument, that the State Highway Patrolman, acting outside his jurisdiction, was without the necessary probable cause to arrest him, is without merit in light of this court's determination of appellant's first argument. However, even assuming that the highway patrolman did not have jurisdictional authority to arrest appellant, the trial court did not err in overruling appellant's motion to dismiss or suppress the evidence. In *State v. Wates* (July 10, 1990), Franklin App. No. 89AP–1296, unreported, 1990 WL 95403, this court addressed this particular issue. Quoting from *State v. Aleshire* (Aug. 5, 1986), Franklin App. No. 85AP–869, unreported, 1986 WL 8671, this court in *Wates* stated as follows:

"Even though the stopping was illegal because the officer had no jurisdiction within the territory where the conduct and stopping occurred, the exclusionary rule will not be applied if the officer had a constitutional basis for stopping the motorist, a seizure within the contemplation of the Fourth Amendment to the United States Constitution, except for the fact that he was acting outside his jurisdiction. The observations of the officer of defendant's conduct was [*sic*] sufficient to permit the officer, within the perimeters [*sic*] of constitutional prohibitions against unreasonable seizures, to stop the motorist for investigation as to the cause for the apparent erratic driving, even though no offense had been committed by the motorist. * * *

" * * *

" * * * Accordingly, even though the stopping of defendant was illegal in that the Clinton Township officer acted without jurisdiction, there was no constitutional violation to which the exclusionary rule would apply." *Id.*

The facts of the instant case indicate that appellant pulled out of a parking lot at night without using his headlights and pulled directly in front of the State Highway Patrolman who arrested him. The officer had to apply his brakes sharply and change lanes in order to avoid an accident. When the officer attempted to pull over the appellant, the appellant continued driving. Upon approaching the appellant's car, the officer discovered that appellant did not have a driver's license and determined that appellant had a very strong

odor of alcohol on his breath. Accordingly, the officer had probable cause both to pull over the appellant and to arrest him.

Based on the foregoing, appellant's assignment of error is not well taken and is hereby overruled.

*Judgment affirmed.*

McCormac and Kerns, JJ., concur.

Joseph D. Kerns, J., retired, of the Second Appellate District, sitting by assignment.