The STATE of Ohio, Appellee,

v.

FURLOW, Appellant.

[Cite as *State v. Furlow* (1993), 90 Ohio App.3d 699.]

Court of Appeals of Ohio,
Montgomery County.

No. 13775.

Decided Sept. 30, 1993.

*Mathias Heck,* Montgomery County Prosecuting Attorney, *Carla Y. Jones,* Assistant Prosecuting Attorney, for appellee.

*Gary C. Schaengold,* for appellant.

BROGAN, Judge.

The appellant, Michael L. Furlow, was originally indicted for robbery in violation of R.C. 2911.02. The indictment included a specification that Furlow had previously been convicted of an aggravated felony in 1983.

The appellant was found guilty as charged after a jury trial and was sentenced. This court reversed appellant's conviction and remanded the matter to the trial court "for the purpose of the court's sentencing Furlow for theft." See *State v. Furlow* (1992), 80 Ohio App.3d 146, 149, 608 N.E.2d 1112, 1113. Upon remand the trial court modified appellant's sentence by finding appellant guilty of theft (subsequent offense) and sentencing appellant to a term of one year in prison.

In his sole assignment, Furlow contends that the trial court erred in treating his conviction for theft as a fourth-degree felony rather than a first-degree misdemeanor. For the following reasons, we agree with appellant's contention in his assignment.

In *State v. Henderson* (1979), 58 Ohio St.2d 171, 12 O.O.3d 177, 389 N.E.2d 494, the Ohio Supreme Court held that a prior conviction for purposes of R.C. 2913.02(B) is an element of the offense of grand theft and must be demonstrated beyond a reasonable doubt. On the other hand, "[w]here the

existence of a prior conviction enhances the penalty for a subsequent offense, but does not elevate the degree thereof, the prior conviction is not an essential element of the subsequent offense, and need not be alleged in the indictment or proved as a matter of fact." *State v. Allen* (1987), 29 Ohio St.3d 53, 29 OBR 436, 506 N.E.2d 199, syllabus. Where the prior offense affects only the penalty and does not elevate the degree of the offense it is a strictly a sentencing consideration for the court. *State v. Cichy* (1984), 18 Ohio App.3d 6, 18 OBR 30, 480 N.E.2d 90.

■ The state admits that Furlow's stipulation that he had previously been convicted of robbery in 1983 was to be used only for sentencing purposes and the jury was unaware of his previous conviction.

The state argues that since there was evidence in the record to support a jury finding that appellant stole checks with a face value of $1,000 and a credit card, the jury could have convicted him of a violation of R.C. 2913.02(B) or 2913.71, or both.

When a person is charged with a theft offense involving property or services valued at $300 or more and less than $5,000, "the jury or court *trying* the accused shall determine the value of such property or services as of the time of the offense and, if a guilty verdict is returned, shall return the finding of value as part of the verdict." (Emphasis added.) R.C. 2913.61(A). The jury did not make the special statutory finding in its verdict because it found the appellant guilty of the offense of robbery and there was no need to make a finding of value on the underlying theft element of the robbery offense.

We agree with the state of Ohio that the evidence presented at trial would have supported a jury's verdict of guilty of grand theft under R.C. 2913.02(B) and 2913.71. However, the jury did *not* make that determination, and it was improper for the trial court to do so because this evidence affected the *degree* of the offense and the appellant was entitled to a jury trial upon these issues. See *State v. Henderson, supra.*

The appellant's assignment of error is sustained. The judgment of the trial court is reversed, and the cause is remanded for resentencing upon the theft offense for which the appellant was originally convicted, a first-degree misdemeanor.

*Judgment accordingly.*

FAIN and FREDERICK N. YOUNG, JJ., concur.