OPINION
Appellant Jeffrey Body is appealing the decision of the Coshocton County Court of Common Pleas, Juvenile Division, that found him to be a delinquent child. The following facts give rise to this appeal.
In the early morning hours of June 3, 1997, appellant left a party he was attending, in a red Oldsmobile, with Jeffrey Williams the victim in this case, Ivan Rice, Haley Chilcote and Autumn Chilcote. Williams left the party in order to purchase drugs for appellant and his friends. The group stopped at Dairy Mart and Williams withdrew $350 from an ATM machine. The group then proceeded to appellant's mother's residence. During this time period, appellant and Ivan Rice decided to take William's money. They intended to do so by selling him fake crack cocaine. However, upon arriving at appellant's mother's residence, appellant could not gain access to the residence and therefore, was unable to retrieve a substance that he could sell to Williams as fake crack cocaine.
Undeterred, appellant and Ivan Rice decided they would still take appellant's money. Appellant and Ivan Rice took Williams, in the red Oldsmobile, to a dark, secluded alley. Upon stopping, appellant and Ivan Rice demanded that Williams surrender his money to them. Williams refused and a fight ensued. Appellant and Ivan Rice trapped Williams in the back of the red Oldsmobile and began beating him severely. Williams eventually surrendered his money to appellant and Ivan Rice due to the beating. After counting the money, appellant and Ivan Rice left in the red Oldsmobile.
Following the beating, Williams stumbled to a nearby Dairy Mart and called a cab. The cab took him to Larry Garabrandt's residence, from where he had originally departed with appellant, Ivan Rice and the girls. Subsequently, Williams went home. The following day, Williams reported the incident to the Coshocton County Sheriff's Department. Appellant received treatment for his injuries, after reporting the incident to the Sheriff's Department. Appellant had a one and one-half inch cut in the right temple area, a two-inch cut on the top right portion of his head, a cut under his eye and a punctured right ear drum.
As a result of this beating, a three-count complaint was filed against appellant on June 4, 1997. Count one alleged a count of delinquency by way of a violation of R.C. 2903.11, felonious assault; count two alleged one count of delinquency by way of a violation of R.C. 2911.01, aggravated robbery; and count three alleged one count of delinquency by way of violation of R.C.2913.02(A)(1), petty theft. Both counts one and two contained gun specifications.
This matter proceeded to an adjudicatory hearing on August 26, 1997. Prior to the commencement of the hearing, the State filed a motion to amend the complaint striking the words "believed to be a handgun" from line three of count one of the complaint and striking the gun specification from both counts one and two. The trial court granted the State's motion. Also, prior to the commencement of the hearing, defense counsel stipulated that appellant caused serious physical harm to Williams and that Williams withdrew $350 from an ATM.
On October 1, 1997, the trial court found appellant to be a delinquent child for aiding and abetting Ivan Rice in a felonious assault of Williams in violation of R.C. 2923.03(A)(2) and R.C.2903.11(A)(1). The trial court also found appellant to be delinquent for aiding and abetting Ivan Rice in the aggravated robbery of Williams in violation of R.C. 2923.03(A)(2) and R.C.2911.02(A)(3). Finally, the trial court found appellant to be delinquent by way of a violation of R.C. 2913.02(A)(1), petty theft. The trial court sentenced appellant to a secure setting for an indefinite term consisting of a minimum period of one year and a maximum period not to exceed his twenty-first birthday for both counts, to be served consecutively.
Appellant timely filed his notice of appeal and sets forth the following assignment of error for our consideration:
 I. THE TRIAL COURT ERRED IN CONVICTING THE APPELLANT FOR FELONIOUS ASSAULT AND AGGRAVATED ROBBERY BECAUSE THE APPELLEE FAILED TO PROVE THE NECESSARY ELEMENTS OF "SERIOUS PHYSICAL HARM" IN SAID OFFENSES.
 I
Appellant contends, in his sole assignment of error, that the trial court's conviction of appellant should be overturned because proof of "serious physical harm" was not offered, at trial, and because appellant's counsel erroneously stipulated to the element of "serious physical harm" prior to the trial and following the conclusion of the trial. We disagree.
First, we will address whether defense counsel erroneously stipulated to the "serious physical harm" element of R.C.2903.11(A)(1) and R.C. 2911.01(A)(3). "* * * [A] stipulation is a voluntary agreement between opposing counsel concerning disposition of some relevant point so as to obviate the need for proof or to narrow the range of litigable issues. (Footnotes omitted.) 89 Ohio Jurisprudence 3d (1989), Trial, Section 69. "Thus, a stipulation, once entered into, filed and accepted by the court, is binding upon the parties and is a fact deemed adjudicated for purposes of determining the remaining issues in that case. A party who has agreed to a stipulation cannot unilaterally retract or withdraw from it. Horner v. Whitta (March 16, 1994), Seneca App. No. 13-93-33, unreported, at 3.
In the case sub judice, prior to the adjudicatory hearing, written stipulations of fact were presented to the trial court. On the record, the trial court acknowledged these written stipulations and confirmed that each party agreed to the stipulations. Tr. Aug. 26, 1997, at 11-12. Appellant now attempts to argue that defense counsel should not have stipulated to the "serious physical harm" requirement because the State had to prove this element beyond a reasonable doubt. Although we agree with appellant that the State must establish each and every element of a criminal statute beyond a reasonable doubt, In ReWinship (1970), 397 U.S. 358, 361, we do not agree this prevents the State and defense counsel from entering into a stipulation concerning an element of a charged offense.
In support of this argument, appellant relies upon two cases. The first case, State v. Furlow (1993), 90 Ohio App.3d 699, is distinguishable on the basis that the stipulation entered into inFurlow was for sentencing purposes only. Id. at 701. However, the jury convicted the defendant of a felony theft offense even though it had no evidence of a prior theft conviction before it by which it could find the defendant guilty of a felony theft offense. Id. at 701. In the present case, the stipulation of "serious physical harm" was not entered into merely for sentencing purposes and was available to the trial court when determining appellant's guilt.
Appellant also relies upon the case of State v. Henderson
(1979), 58 Ohio St.2d 171, which held that in order to use a prior theft offense as a method by which to elevate a theft offense to the felony level, the defendant must first have been convicted of the previous offense. This decision is not analogous to the facts presented in the case sub judice. Appellant presents no case law that prevents a trial court from accepting a stipulation of fact, even if it is an element of the crime charged. Therefore, we conclude defense counsel did not erroneously stipulate to the element of "serious physical harm".
Appellant next argues there was no evidence of "serious physical harm" offered by the State, at trial. Because the parties entered into a valid stipulation concerning the element of "serious physical harm", the State did not need to present evidence that the victim in this case suffered serious physical harm at the hands of appellant. However, even if we had found this stipulation invalid, we find the evidence presented in this case established that appellant inflicted serious physical harm on Williams during the beating. R.C. 2901.01(A)(5) defines "serious physical harm to persons" as any of the following:
 (a) Any mental illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric treatment;
 (b) Any physical harm that carries a substantial risk of death;
 (c) Any physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity;
 (d) Any physical harm that involves some permanent disfigurement, or that involves some temporary, serious disfigurement;
 (e) Any physical harm that involves acute pain of such duration as to result in substantial suffering, or that involves any degree of prolonged or intractable pain.
Clearly, a review of the record, including the pictures submitted as evidence, at trial, establishes appellant caused serious physical harm to Williams. As a result of the beating, Williams suffered numerous cuts, abrasions and bruises. One cut, under his eye, bled for three days. Tr. Aug. 26, 1997, at 169, 175. Further, Williams testified that due to the hole in his right ear drum, he still has problems hearing. Tr. Aug. 26, 1997, at 169.
Based upon the above, we find defense counsel did not err when he stipulated to the element of "serious physical harm". Further, even if we were to find such stipulation improper, the evidence, at trial, clearly established this element of the charged offenses.
Appellant's assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, Coshocton County, Ohio, is hereby affirmed.
By: Wise, J., Farmer, P. J., and Reader, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas, Juvenile Division of Coshocton County, Ohio, is affirmed.