OPINION
The instant appeal emanates from a final judgment of the Geauga County Court of Common Pleas. Appellant, Joseph J. Fatica, seeks the reversal of his conviction on one count of felony theft.
In March 1993, the Geauga County Grand Jury returned a five-count indictment against appellant, charging him with the following offenses: (1) one count of robbery, pursuant to R.C.2911.02(A); (2) one count of escape, pursuant to R.C. 2921.34(A); (3) one count of grand theft of a motor vehicle, pursuant to R.C.2913.02(A)(1); (4) one count of failure to comply, pursuant to R.C. 2921.331(B) (C); and (5) one count of assault, pursuant to R.C. 2903.13(A). Under the first of the foregoing counts, the indictment contained the specification that appellant had previously been convicted of aggravated burglary. Similarly, the second, third and fourth counts had a specification that appellant had previously been convicted of an offense of violence.
A three-day jury trial was held in May 1993. At the beginning of this proceeding, appellant's trial counsel requested that the "prior conviction" specifications be heard separately before the trial court. The trial court granted the request, indicating that the state's evidence concerning the specifications would be submitted during the sentencing hearing.
In light of the trial court's ruling on appellant's request for bifurcation, the state did not present any evidence about the alleged prior convictions to the jury. However, in testifying in his own behalf, appellant specifically admitted to the jury that he had previously been convicted of aggravated burglary. Appellant also testified that he had previously been convicted of driving while under the influence, carrying a concealed weapon, and drug abuse.
At the close of the state's case, the trial court dismissed the charges of assault and failure to comply; as a result, only the first three counts of the indictment were given to the jury at the close of the evidence. In relation to the first count of the indictment, the trial court instructed the jury on the main charge of robbery and the lesser included offense of misdemeanor theft.
As part of its verdict, the jury found appellant guilty of escape under the second count of the indictment. As to the third count, the jury found appellant not guilty of grand theft of a motor vehicle, but guilty of the lesser included offense of unauthorized use of a motor vehicle. Finally, in regard to the first count, the jury found appellant not guilty of the main charge, but guilty of the lesser included offense of misdemeanor theft.
Before dismissing the jury, the trial court held a sidebar conference with counsel for both parties. At that time, the court stated that it was inclined to allow the jury to hear further evidence concerning appellant's prior conviction for aggravated burglary. The trial court noted that a jury finding on this specific conviction would have the effect of raising the theft conviction under the first count from a first degree misdemeanor to a fourth degree felony.
In response, appellant's trial counsel stated that, during the course of the trial, he had reached a stipulation with the state concerning the existence of the prior conviction for aggravated burglary.[1] Based on this, counsel asked that the "prior conviction" issue not be given to the jury, but that the court make the determination itself in light of the stipulation. The trial court granted this request.
After the trial court had issued a written judgment finding appellant guilty of felony theft under the first count of the indictment, appellant's trial counsel moved to have the felony theft conviction set aside. As the basis for this written motion, counsel argued that, because the first count of the indictment had not alleged the aggravated burglary conviction as an element of the charged offense, appellant could only be convicted of misdemeanor theft under the first count. The trial court denied this motion during the sentencing hearing.
In its final judgment entry, the trial court sentenced appellant to an indefinite term of three to five years on the felony theft charge. The trial court further held that the term on the felony theft charge was to be served consecutively with a separate indefinite term of three to five years on the escape charge. In addition, the trial court sentenced appellant to a separate definite term of six months on the charge of unauthorized use of a motor vehicle.
Immediately after the issuance of the sentencing judgment in June 1993, appellant filed a timely notice of appeal with this court. However, appellant's original appellate counsel never filed a brief in support of the appeal. Thus, in March 1994, this court dismissed this appeal for failure to prosecute.
Approximately four years later, appellant filed an application to reopen the instant appeal, pursuant to App.R. 26(B). As the primary basis for the application, appellant simply asserted that the failure of his original appellate counsel to submit a brief on the merits had constituted ineffective assistance of appellate counsel. In a judgment issued in September 1998, the court agreed with appellant's assertion, holding that the lack of effective assistance was "inarguable" and that the prejudice to appellant was "patent." Accordingly, we reopened this appeal.
In now contesting his conviction on the felony theft charge, appellant has assigned the following as error:
 "[1.] When the trial court added an essential element that elevated the offense from misdemeanor to felony theft after the jury returned their guilty verdict to petty theft, the court denied appellant his constitutional right to trial by jury and a fundamentally fair trial in violation of R.C. 2945.05, Section 10, Article 1 of the Ohio Constitution, and the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.
 "[2.] Appellant was deprived of his right to effective assistance of the trial counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution, and Section 10, Article 1 of the Ohio Constitution, by trial counsel's failure to object when the trial court reopened the case to add an element of the crime after the jury delivered their verdict."
 Under his first assignment, appellant contests the propriety of the procedure under which the degree of his theft conviction was raised from a first degree misdemeanor to a fourth degree felony. Appellant maintains that, although the parties had entered into a stipulation concerning the existence of the prior conviction for aggravated burglary, the trial court erred in "accepting" the stipulation and making the factual determination on this question itself. Appellant argues that, in the absence of a written jury waiver, the court was required to submit the "prior conviction" issue to the jury.
As we noted previously, the first count against appellant charged him with robbery under R.C. 2911.02(A). This count also contained the specification that appellant had previously been convicted of aggravated burglary. The wording of this specification was consistent with the requirements of R.C.2941.142. As of the date of the issuance of the indictment in question, this statute provided that a term of actual incarceration could be imposed for certain felonies if the trier of fact found, under the specification, that the defendant has previously been convicted of a certain type of aggravated felony. The statute further provided that the defendant could request that the existence of the prior conviction be decided by the trial court after the jury trial on the main charge.
In interpreting the provisions of R.C. 2941.142, the Ohio Supreme Court has held that the prior conviction is not an essential element of the underlying offense because the existence of the prior conviction merely enhances the penalty which can be imposed on the defendant. State v. Allen (1987), 29 Ohio St.3d 53,55. As a result, the state is not specifically required to allege the existence of the prior conviction as part of the primary charge against the defendant. Id.
In the instant case, appellant chose to exercise his right under R.C. 2941.142 and asked that the "prior conviction" specification under the first count be tried separately by the court; accordingly, not only did the state withhold its evidence concerning the prior conviction from the jury, but the trial court did not instruct the jury on this issue. However, the trial court did instruct the jury on the basic offense of theft because that offense is a lesser included offense of robbery. See State v.Cornelies (July 28, 1986), Butler App. No. CA86-01-004, unreported.
As of the date of the instant trial, R.C. 2913.02(B) provided that the basic offense of theft was considered a first degree misdemeanor. This statute also stated that if the offender had previously been convicted of another theft offense, a violation of division (A) of the statute then became a fourth degree felony,i.e., felony theft.
In applying the prior conviction provision of R.C. 2913.02(B), the Ohio Supreme Court has indicated that, because the existence of the prior conviction has the effect of raising the degree of the theft offense, the prior conviction is considered an element of felony or grand theft. State v. Henderson (1979), 58 Ohio St.2d 171,173. That court has further held that when a prior conviction is an element of a criminal offense, it must generally be alleged as part of the main charge in the indictment. SeeState v. Gordon (1971), 28 Ohio St.2d 45, first paragraph of the syllabus.
In light of the foregoing analysis, it follows that the "role" of the prior conviction in the instant action changed during the course of the trial. When the trial began, the prior conviction for aggravated burglary was only a specification which could increase the prison term appellant might be required to serve if he was found guilty of robbery. However, when the jury found him guilty of "basic" theft instead, the prior conviction became a possible element of the theft offense.
The foregoing distinction is especially crucial as it relates to a criminal defendant's constitutional right to a jury trial. In State v. Nagel (1999), 84 Ohio St.3d 280, 286, the Ohio Supreme Court held that, because a "prior conviction" specification raises an issue which is ancillary to the main charge of a count, a trial court has the authority to try the specification even when the defendant has not signed a valid waiver of his right to a jury trial under R.C. 2945.05. On the other hand, it has been held that a defendant must execute a written waiver of the right to a jury trial before the "prior conviction" element of a criminal offense can be heard by a trial court. See State v. Riley (1994),98 Ohio App.3d 801, 803.
In the instant case, the trial court's first inclination was to allow the state to reopen its case and submit evidence to the jury concerning appellant's alleged prior conviction for aggravated burglary. However, after appellant's trial counsel stated that the parties had reached a stipulation about the prior conviction, the court accepted the stipulation and essentially found that the "prior conviction" element had been established. Thus, the issue before this court is whether the existence of the stipulation was sufficient to give the trial court the authority to make the factual determination itself and elevate the degree of the theft offense.
Our review of the relevant case law indicates that there are conflicting opinions on this specific point. In State v. Warren
(1998), 125 Ohio App.3d 298, 303, the appellate court concluded that it was not necessary for the jury to render a factual determination on the "prior conviction" element in the offense of theft when the parties have reached a stipulation on the issue. Although not expressly stated, the wording of the Warren decision implies that once a stipulation has been reached, there is no need for a specific finding on the "prior conviction" element by either the jury or the trial court; i.e., the effect of the stipulation was to settle the issue for purposes of that case.
The opposite conclusion was reached in State v. Mitchell (Dec. 5, 1996), Cuyahoga App. Nos. 67490 and 67491, unreported. In holding that the degree of the defendant's theft conviction had to be decreased to a first degree misdemeanor, the Mitchell court began its analysis by concluding that the stipulation concerning the prior conviction had not relieved the state of its burden of proof on that element of the offense. The court then made the following two points: (1) under the relevant case law, a trial court has no authority to order a separate hearing on a prior conviction when a finding in favor of the state will enhance the degree of the offense; and (2) when the prior conviction is an element of the charged offense, the trial court can reject any stipulation as to that issue. Based on these two points, theMitchell court concluded that even if a stipulation is submitted on the matter, the jury must always make the factual finding concerning the existence of the prior conviction when such a finding will enhance the degree of the offense.
A similar conclusion was reached in State v. Furlow (1993),90 Ohio App.3d 699. In deciding that the existence of a stipulation had not given the trial court the authority to sentence the defendant on felony theft, the Second Appellate District noted that: (1) the jury had been unaware of the prior conviction when it rendered its verdict; and (2) the stipulation on the prior conviction had been made solely for sentencing purposes. The court also emphasized that, pursuant to Henderson, supra, it is improper for the trial court to determine the "prior conviction" question when the prior conviction is an element of the charged offense.
As part of its analysis, the Furlow court also noted that the jury had heard evidence which would have supported a conviction for grand theft if the proper issues had been submitted to the jury for determination. Despite this, the Furlow court concluded that the defendant could only be sentenced for misdemeanor theft. Although not expressly stated, this analysis implies that theFurlow court would not apply the "harmless error" doctrine in this type of situation. Moreover, in Mitchell, the court expressly chose not to follow prior precedent in which this doctrine had been applied in a similar factual scenario.
Upon reviewing the foregoing cases, we conclude that the logic delineated in both Furlow and Mitchell is more persuasive. In addition, this court would indicate that R.C. 2945.05 expressly states that any waiver of the right to a jury trial must be made in writing and must be signed by the defendant. Accordingly, whenever a trial counsel states on the record that the defendant has agreed to stipulate to the existence of a prior conviction, that statement cannot be viewed as a waiver of the right to a jury trial when the existence of the prior conviction has the effect of raising the degree of the offense. As only the defendant himself can waive that right, a trial counsel's statement can never be the basis under which a factual issue can be taken away from the jury.
Furthermore, this court would emphasize that when the parties to an action are able to reach a stipulation regarding a factual issue, the stipulation does not have the effect of withdrawing the issue from the jury's consideration. Instead, a stipulation is simply another type of evidential submission which the jury is required to consider in making its factual findings.[2]
Unless it is made in conjunction with a valid jury waiver, a factual stipulation does not change the role of the trial court in a criminal proceeding.
Pursuant to the foregoing analysis, this court concludes that when the existence of a prior conviction is an element of a criminal offense, a trial court lacks the authority to hear that issue itself unless the defendant has executed a written waiver of his right to have the jury decide the issue. In the instant case, the record before us shows that appellant never signed such a waiver. Therefore, the trial court erred in convicting and sentencing appellant on felony theft.
In addition to the foregoing discussion, this court is compelled to address a second issue which, although not briefed by either party, further warrants the reversal of the conviction for felony theft. As was noted above, even though the state did not present any evidence concerning the aggravated burglary conviction during its case, appellant referred to the conviction in testifying in his own behalf. Specifically, appellant stated that he had been convicted of aggravated burglary in 1984.
As it was defined in the version of R.C. 2911.11(A) which was effective in 1984, the basic offense of aggravated burglary consisted of the act of trespassing, by means of force, stealth, or deception, in an occupied structure for the purpose of committing a theft offense or any other felony. Under this definition, a criminal defendant was not required to commit an underlying theft offense in order to be found guilty of aggravated burglary. That is, the offense of aggravated burglary could be based upon any type of underlying felony, not only the crime of theft.
Pursuant to R.C. 2913.02(B), a conviction for misdemeanor theft could be elevated to a fourth degree felony if the defendant had previously been convicted of another theft offense. Obviously, if a prior conviction for aggravated burglary was predicated upon the commission of a theft offense, the aggravated burglary conviction could be used to raise the degree of a new theft offense. However, if the aggravated burglary conviction was based upon the commission of a non-theft felony, it could not be employed to raise the degree of the new theft offense.
In the instant case, our review of the trial transcript indicates that the underlying nature of appellant's prior aggravated burglary conviction was never explained to the trial court. In fact, the record shows that no part of the parties' stipulation concerning the prior conviction was ever expressly stated upon the record before the court found appellant guilty of felony theft.[3] Under such circumstances, the trial court committed plain error in relying upon the stipulation to raise the degree of appellant's conviction for theft.
As the trial court failed to follow the correct procedure in convicting appellant of felony theft, his first assignment of error has merit.
Under his second assignment, appellant maintains that he was denied his right to effective assistance when his trial counsel agreed to allow the trial court to determine the "prior conviction" issue. In making this argument, appellant does not attempt to relate it to the merits of his other two convictions. Therefore, given our reversal of the felony theft conviction under the first assignment, this court is not required to address the merits of this argument because its substance has been rendered moot. See App.R. 12(A)(1)(c).
For the foregoing reasons, the judgment of the trial court is reversed in relation to appellant's theft conviction, and the action is hereby remanded for further proceedings consistent with this opinion. Specifically, upon remand, the trial court shall amend the degree of the theft conviction to a first degree misdemeanor and resentence appellant accordingly. In all other respects, the judgment of the trial court is affirmed.
 __________________________________________ PRESIDING JUDGE DONALD R. FORD
CHRISTLEY, P.J., O'NEILL, J., concur.
[1] Despite trial counsel's assertion concerning the existence of a stipulation, our review of the trial transcript indicates that this proposed stipulation was never stated on the record and was never accepted into evidence by the trial court.
[2] As an aside, we would emphasize that if the state had not been willing to stipulate as to the existence of the prior conviction, the state would have been allowed to present evidence on that particular point to the jury. That is, the mere fact that appellant was willing to stipulate would not be sufficient to take the issue away from the jury. See State v. Payne (Mar. 31, 1999), Lake App. No. 97-L-284, unreported.
[3] Again, as a stipulation must be submitted to the jury, it is the better practice for the parties either to read the specific stipulation into the record at trial or submit a written copy of the stipulation.