ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
Appellant, State of Ohio, appeals from the trial court order that granted the defendant William E. Morgan's motion to stipulate to the three furthermore specifications contained in the indictment and a motion in limine to prevent the court from reading the indictment containing the furthermore specifications to the jury. The State contends the three furthermore specifications contained in the indictment are essential elements of the crime and must be presented to the jury. For the following reasons, we agree and therefore reverse and remand.
The record presented to us on appeal reveals the following: On February 8, 2000, defendant was indicted by the Cuyahoga County Grand Jury on one count of driving under the influence in violation of R.C. 4511.19. The indictment contained three furthermore clauses stating three prior driving under the influence convictions in municipal courts, all in violation of R.C. 4511.19.
On July 13, 2000, defendant filed a motion to stipulate to the three furthermore specifications contained in the indictment and a motion in limine to prevent the court from reading the indictment containing the furthermore specifications to the jury.
On January 17, 2001, the court conducted a hearing and granted defendant's motion. It is from that decision that the State now appeals and raises one assignment of error for our review.
 I. A TRIAL COURT ERRS WHEN IT ALLOWS A DEFENDANT TO STIPULATE TO THREE PRIOR DRIVING WHILE INTOXICATED CONVICTIONS WHEN THE THREE PRIOR CONVICTIONS TRANSFORM THE CRIME ITSELF BY INCREASING ITS DEGREE. IN SUCH A CASE, THE PRIOR CONVICTIONS ARE ESSENTIAL ELEMENTS OF THE CRIME, AND MUST BE PROVED BY THE STATE TO THE TRIER OF FACT BEYOND A REASONABLE DOUBT.
In this assignment of error, the State argues that the court erred in granting defendant's motion in limine which allowed him to stipulate to the prior DUI convictions and have their existence withheld from the jury. The State claims the three prior DUI convictions elevate the degree of the offense and are essential elements of the felony offense that must be presented to the jury. Defendant contends that his offer to stipulate to the existence of the three prior DUI convictions relieves the State from its burden of proving that they exist and prevents the introduction of prejudicial evidence.
As a preliminary matter, we note that a ruling on a motion in limine is a "preliminary precautionary ruling by a court in anticipation of its ruling on evidentiary issues at trial." State v. Grubb (1986),28 Ohio St.3d 199. Generally, upon denial or grant of a motion in limine, there is no error preserved for review and such a preliminary ruling is not a final appealable order. State v. Hill (1996),75 Ohio St.3d 195. However, the Ohio Supreme Court has held that the State may appeal an evidentiary ruling that has the effect of excluding evidence as if it were a motion to suppress. State v. Davidson (1985),17 Ohio St.3d 132. Therefore, a motion in limine may be appealed pursuant to Crim.R. 12(J) as long as the State certifies that the appeal is not taken for the purposes of delay and that the court's ruling on the motion has rendered the State's proof so weak that the chance of an effective prosecution has been destroyed. Crim.R. 12(J).
Here, the State filed a notice of appeal certifying that it was not appealing for purposes of delay and that the ruling had negatively affected its ability to prosecute successfully. As a result, the issue properly before us is whether the trial court erred in disallowing the State to present and prove that defendant had three prior DUI convictions to the jury.
In State v. Allen (1987), 29 Ohio St.3d 53, 54-55, the Ohio Supreme Court held that if the fact of a prior conviction transforms a crime itself by increasing its degree, rather than simply enhancing its penalty, the prior conviction is an essential element of the crime and must be proved by the State. See, also, State v. Ireson (1991),72 Ohio App.3d 840, 847; State v. Horvath (Dec. 16, 1999), Cuyahoga App. No. 75491, unreported; State v. Payne (March 31, 1999), Lake App. No. 97-L-284, unreported.
A violation of R.C. 4511.19(A) is generally a first degree misdemeanor. If, however, a defendant has previously been convicted of three or more violations of R.C. 4511.19(A) within six years, R.C.4511.99(A)(4)(a) provides that the current offense is a fourth degree felony.
Here, defendant was charged with one count of driving under the influence in violation of R.C. 4511.19, with three furthermore clauses stating three prior driving under the influence convictions, all in violation of R.C. 4511.19. Thus, defendant's prior convictions for driving under the influence operate to elevate his most recent offense from a misdemeanor to a fourth degree felony and are an essential element of the offense which must be proved by the State. Ibid.
Defendant contends that, in light of his willingness to stipulate to the prior convictions, the State need not prove this element. We do not agree. Pursuant to R.C. 4511.99(A)(4)(a), the State is required to prove beyond a reasonable doubt that defendant has three or more prior driving while under the influence convictions. Even if a stipulation is submitted on the matter, the jury must make the factual finding concerning the existence of the prior conviction when such a finding will enhance the degree of the offense. State v. Furlow (1993), 90 Ohio App.3d 699; State v. Smith (1990), 68 Ohio App.3d 692, 695; State v. Mitchell (Dec. 5, 1996), Cuyahoga App. No. 67490 and 67491, unreported; State v. Ball (Feb. 17, 1994), Cuyahoga App. No. 64668, unreported; State v. Fatica (Oct. 15, 1999), Geauga App. No. 93-G-1799, unreported. Specifically, evidence of defendant's three prior DUI convictions are necessary in order for the jury to find defendant guilty of the charged offense. Accordingly, the trial court erred in refusing to allow the State to submit defendant's prior convictions to the jury.
Judgement reversed and remanded for proceedings consistent with this opinion.
It is ordered that appellant recover of appellee its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA ANN BLACKMON, P.J., and FRANK D. CELEBREZZE, JR., J., CONCUR.