OPINION
{¶ 1} Appellant, Leon B. Edgerton, appeals the judgment entered by the Lake County Court of Common Pleas. Edgerton was sentenced to a total of three years in prison for his convictions for vehicular assault and driving under the influence of alcohol or drugs.
 {¶ 2} In March 2002, Edgerton was involved in an accident while driving his pick-up truck. His passenger, Sherry Baker, was injured in the accident. Edgerton's vehicle collided with a vehicle being operated by Mrs. Muir, in which her husband, Mr. Muir, was a passenger.
 {¶ 3} As a result of the accident, Edgerton was indicted on five separate counts. These counts included: aggravated vehicular assault; vehicular assault; driving under the influence of alcohol or drugs; driving under financial responsibility law suspension; and failure to yield the right-of-way when turning left. Initially, Edgerton pled not guilty to these charges.
 {¶ 4} Later, Edgerton retracted his not guilty pleas and pled guilty to vehicular assault, a third degree felony, and driving under the influence of alcohol or drugs, a first degree misdemeanor. The remaining counts in the indictment were dismissed.
 {¶ 5} The trial court ordered a presentence investigation. At the sentencing hearing, Mr. and Mrs. Muir both gave statements as to their injuries. Mr. Muir stated he had a damaged spinal cord, and the injury caused him a significant loss of income in his occupation as a landscape construction contractor. Sherry Baker did not give a statement at the sentencing hearing, but the presentence investigation report indicates she suffered significant physical injuries in the accident.
 {¶ 6} The trial court sentenced Edgerton to a prison term of three years for the vehicular assault conviction. In addition, Edgerton was sentenced to a six-month term for his conviction for driving under the influence of alcohol or drugs. These sentences were ordered to be served concurrently. Finally, Edgerton was fined $1,500, and his driver's license was suspended for five years.
 {¶ 7} Edgerton raises the following assignment of error:
 {¶ 8} "The trial court erred to the prejudice of the defendant-appellant when it ordered a term of imprisonment by making findings under the applicable sentencing statute that were not supported by the record."
 {¶ 9} Pursuant to R.C. 2953.08, this court uses a de novo standard of review when reviewing a felony sentence.[1]
"However, this court will not disturb a given sentence unless we find, by clear and convincing evidence, that the record does not support the sentence or that the sentence is otherwise contrary to law."[2] Finally, we note that the trial court has the "discretion to determine the most effective way to comply with the purposes and principles of sentencing," set forth in R.C.2929.11, when imposing a felony sentence.[3]
 {¶ 10} R.C. 2929.12 requires the trial court to consider the seriousness and recidivism factors contained therein.[4]
However, the court is not required to "use specific language or make specific findings on the record in order to evince the requisite consideration of the applicable seriousness and recidivism factors [of R.C. 2929.12.]"[5]
 {¶ 11} On the record at the sentencing hearing, the trial court stated it had "balanced the seriousness and recidivism factors of Section 2929.12." Thereafter, the court noted the factors it found applicable relating to R.C. 2929.12. In addition, the trial court's judgment entry of sentence affirmatively states that the court considered the seriousness and recidivism factors of R.C. 2929.12.
 {¶ 12} Edgerton claims the Muirs should have been precluded from informing the court of their injuries because they were "not charged" in the indictment. We note that Edgerton did not object to these statements at the sentencing hearing. Moreover, the presentence investigation report reveals that the Muirs were operating the other vehicle involved in the accident.
 {¶ 13} Edgerton notes the presentence investigation report suggests the Muirs were not injured in the accident. This information was obtained from the initial police report. The fact that an individual's injuries are not mentioned in a police report is not conclusive proof that they were not injured in the accident. It is certainly possible that Mr. Muir did not discover the extent of his injury until he left the scene of the accident. Moreover, the Muirs' vehicle was damaged in the collision. Economic injury may also be considered by the court.[6]
Edgerton contends that the Muirs were not listed as victims in the indictment pertaining to the vehicular assault charge and, therefore, could not be considered victims of any offense he was convicted of. We disagree. Edgerton was also convicted of driving under the influence of alcohol or drugs. The accident was a direct result of this offense. The trial court did not err by considering the Muirs' statements.
 {¶ 14} Edgerton claims the trial court erred by finding there were multiple victims and the victims suffered serious physical and economic harm. Mr. Muir stated he suffered an injury to his back and described its impact on his earning potential. Sherry Baker's injuries were documented in the presentence investigation report. Thus, the trial court did not err in making this finding.
 {¶ 15} Edgerton argues the trial court erred by not finding that there were any factors making the offense less serious. Specifically, he claims the trial court should have made findings pursuant to R.C. 2929.12(E)(3) and (4), which read:
 {¶ 16} "(3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.
 {¶ 17} "(4) The offense was committed under circumstances not likely to recur."
 {¶ 18} At the sentencing hearing, Edgerton admitted this was his sixth D.U.I. offense. Also, the trial court noted that Edgerton had five convictions for driving under suspension. These facts do not support a finding under R.C. 2929.12(E)(3) or (4).
 {¶ 19} Finally, Edgerton claims the trial court erred by finding that he was unremorseful. We note the trial court is in the best position to judge the defendant's statements and make a finding regarding remorse.[7] Again, Edgerton has a lengthy record of driving-related offenses, which suggests he is unremorseful and has not learned from prior conduct. The trial court did not err by finding that Edgerton showed a lack of remorse.
 {¶ 20} Edgerton's assignment of error is without merit.
 {¶ 21} The judgment of the trial court is affirmed.
Judgment affirmed.
Grendell and Rice, JJ., concur.
[1] State v. Thompson, 11th Dist. No. 2001-L-222, 2002-Ohio-7151, at ¶ 7, citing State v. Bradford (June 2, 2001), 11th Dist. No. 2000-L-103, 2001 WL 589271, at *1.
[2] Id., citing State v. Thomas (July 16, 1999), 11th Dist. No. 98-L-074, 1999 WL 535272, at *4.
[3] R.C. 2929.12(A).
[4] State v. Boczek, 11th Dist. No. 2001-L-193, 2002-Ohio-6924, at ¶ 12.
[5] State v. Arnett (2000), 88 Ohio St.3d 208, 215.
[6] R.C. 2929.12(B)(2).
[7] See State v. Davis, 11th Dist. No. 2002-L-188, 2004-Ohio-792, at ¶ 16.