OPINION
{¶ 1} Appellant, James Fritts, appeals from a jury verdict of the Lake County Court of Common Pleas, convicting him of one count of robbery, in violation of R.C. 2911.02(A)(3), a third degree felony, and one count of petty theft, in violation of R.C.2913.02(A)(1), a first degree misdemeanor. For the following reasons, we affirm appellant's conviction and sentence.
 {¶ 2} On August 9, 2002, appellant was indicted by the Lake County Grand Jury on the following five counts: (1) one count of aggravated robbery, in violation of R.C. 2911.03(A)(3); (2) one count of felonious assault, in violation of R.C. 2903.11(A)(2); (3) one count of robbery, in violation of R.C. 2911.02(A)(2); (4) one count of robbery, in violation of R.C. 2911.02(A)(3); and (5) one count of petty theft, in violation of R.C.2913.02(A).[1] Subsequently, all parties engaged in discovery and a jury was impaneled.
 {¶ 3} On November 14, 2002, this matter went to trial before a jury. The following facts were disclosed during trial. On May 5, 2002, Robert Bene ("Mr. Bene") arrived at his place of employment, The Willoughby Brewing Company. Mr. Bene drove a van to the back parking lot and parked near an employee's entrance. He then exited the van and entered The Willoughby Brewing Company via the employee's entrance. Mr. Bene left the doors of the van unlocked.
 {¶ 4} When Mr. Bene returned to the van, he was carrying three tripod microphone stands. As he approached, Mr. Bene saw an intruder inside the van near the passenger and driver seats. He yelled at the intruder and proceeded to drop two of the microphone stands, while holding the third microphone stand in his left hand for protection. Unbeknownst to Mr. Bene, the intruder had parked a car adjacent to the van. Mr. Bene ran around the back of the van to approach the intruder. By the time Mr. Bene ran around the back of the van, the intruder had exited the van and was seated in the driver's seat of the adjacent car. The intruder's vehicle had been backed in next to the van so it was facing forward toward Mr. Bene. Mr. Bene made eye contact with the intruder and yelled at him to stop and get out of the car. The intruder's vehicle then rapidly accelerated, striking Mr. Bene. The force of the impact sent Mr. Bene, while still holding the microphone stand, on to the hood of the vehicle and to the ground.
 {¶ 5} As the intruder's vehicle exited the parking lot, Mr. Bene's gym bag, which had previously been in the van, was thrown from the vehicle onto the pavement of the parking lot. Although shaken, Mr. Bene was able to obtain the license plate number of the intruder's vehicle. Immediately thereafter, Mr. Bene reported the incident and informed the police that he was uninjured with the exception of a bruised left thigh and scraped left elbow.
 {¶ 6} On May 6, 2002, Mr. Bene selected appellant's picture out of a photo line-up as the intruder. Based upon Mr. Bene's identification of both the intruder and the vehicle's license plate number, appellant was arrested as a suspect and subsequently indicted.
 {¶ 7} Following trial, the jury rendered a verdict of not guilty with respect to the counts of aggravated robbery, felonious assault, and robbery, in violation of R.C.2911.02(A)(2). However, the jury found appellant guilty of robbery, in violation of R.C. 2911.02(A)(3), and petty theft. Subsequently, the trial court sentenced appellant to a three-year prison term on the robbery conviction and a prison term of six months on the petty theft conviction, with the prison terms to run concurrently. The court further credited appellant's three-year prison term for 247 days for time already served.
 {¶ 8} From this judgment, appellant filed a timely notice of appeal and sets forth the following three assignments of error for our consideration:
 {¶ 9} "[1.] The Defendant-Appellant was prejudiced when he was convicted of robbery and the conviction is against the manifest weight of the evidence.
 {¶ 10} "[2.] The trial court erred to the prejudice of the Defendant-Appellant when it overruled her [sic] motion for acquittal made pursuant to Crim.R. 29 of the Ohio Rules of Criminal Procedure.
 {¶ 11} "[3.] The trial court erred to the prejudice of the Defendant-Appellant when it sentenced Defendant-Appellant to a definite sentence of three (3) years in a correctional institution and failed to review all of the statutory factors announced in R.C. 2929.12."
 {¶ 12} Under his first assignment of error, appellant contends that his conviction was against the manifest weight of the evidence. Appellant challenges the testimony of Mr. Bene, arguing that the events that occurred and the injuries that were sustained do not correlate with Mr. Bene's statements at trial. As a result, appellant concludes that the state failed to prove, beyond a reasonable doubt, that appellant used force against Mr. Bene while committing or attempting to commit a theft offense.
 {¶ 13} As an initial matter, we are inclined to note that appellant has incorrectly framed his argument regarding Mr. Bene's testimony as a manifest weight of the evidence argument. Appellant's argument should have been framed in regards to sufficiency of the evidence, as "[t]he legal concepts of `sufficiency of the evidence' and `weight of the evidence' are quantitatively and qualitatively different." State v. Miller,96 Ohio St.3d 384, 2002-Ohio-4931, at ¶ 38.
 {¶ 14} In any event, we will review appellant's first assignment of error under both a sufficiency of the evidence standard and manifest weight standard. When reviewing the sufficiency of the evidence to support a criminal conviction, a court must examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average trier of fact of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus, citing Jackson v. Virginia
(1979), 443 U.S. 307.
 {¶ 15} To convict a defendant of robbery pursuant to R.C.2911.02(A)(3), the state must prove, beyond a reasonable doubt, that in committing a theft offense, or in fleeing immediately after the attempt or offense, the defendant did "use or threaten the immediate use of force against another." Because appellant challenges his conviction on the basis of the state's alleged failure to prove the use of force, we must define force.
 {¶ 16} "Force" is broadly defined under R.C. 2901.01(A)(1) as "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing." Some courts have determined that the type of "force" encompassed by R.C. 2901.01
is "`that which poses actual or potential harm to a person.'"State v. Furlow (1992), 80 Ohio App.3d 146, 148, quoting Statev. Carter (1985), 29 Ohio App.3d 148, 149. "Other courts have limited their interpretation of the statute to the words employed * * *, and have held that any degree of violence, however slight, is sufficient to support a robbery conviction." State v.Gunther (Oct. 9, 1998), 11th Dist. No. 97-T-0086, 1998 Ohio App. LEXIS 4847, at 6.
 {¶ 17} Appellant first argues that the injury to Mr. Bene's left thigh does not correlate with his testimony, as the point of impact of the vehicle's bumper was too low to cause an injury to the thigh. Thus, appellant concludes that the state failed to establish the use of "force."
 {¶ 18} Appellant's contentions attack the credibility of Mr. Bene's testimony with respect to the existence or non-existence of a physical injury. This argument fails to recognize that testimony regarding the existence or non-existence of a physical injury is irrelevant to the state's burden to demonstrate "force." Specifically, R.C. 2901.01(A)(3) defines "physical harm" to include "any injury, illness, or other physiological impairment, regardless of its gravity or duration." To establish "physical harm," a threshold level of "physiological impairment" must be present before one can conclude that an "injury" has occurred. State v. Frunza, 8th Dist. No. 82053, 2003-Ohio-4809, at ¶ 8. Without this distinction, "the definition of `physical harm to persons' * * * would be no different than the definition of `force' * * *." Id. Accordingly, the credibility of Mr. Bene's statements with regard to whether he was actually hit or injured by appellant's car was immaterial to prove "force."
 {¶ 19} Nevertheless, the testimony at trial clearly demonstrated the use of "force," as Mr. Bene testified that appellant rapidly accelerated his vehicle towards Mr. Bene in an attempt to escape the scene of the robbery. Mr. Bene's testimony demonstrates a violent action, during flight, exerted by appellant, which exposed Mr. Bene to actual or potential harm. Such testimony was credible and sufficient to conclude that appellant had used "force" as defined by R.C. 2901.01(A)(1).
 {¶ 20} Appellant further submits it is unfeasible that "force" was demonstrated, beyond a reasonable doubt, based upon the absence of any damage to the microphone stand and based upon Mr. Bene's ability to hold on to the microphone stand throughout the ordeal. Again, the state was not required to show that there was any physical damage to appellant's property to establish the use of "force." As previously indicated, Mr. Bene provided credible testimony that appellant, in an attempt to escape, rapidly accelerated his car toward Mr. Bene. Even assuming that appellant's car never came into contact with Mr. Bene, there was sufficient evidence demonstrating appellant used "force" while fleeing from the robbery.
 {¶ 21} The foregoing analysis has determined there was sufficient evidence presented which would allow any rational trier of fact to conclude, beyond a reasonable doubt, that appellant had used "force" as defined by R.C. 2901.01(A)(1). Thus, this portion of appellant's assignment of error is not well taken.
 {¶ 22} When reviewing a claim that a judgment was against the manifest weight of the evidence, an appellate court must review the entire record, weigh both the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether in resolving conflicts, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that a new trial must be ordered. State v. Martin (1983),20 Ohio App.3d 172, 175. See, also, State v. Thompkins,78 Ohio St.3d 380, 387, 1997-Ohio-52.
 {¶ 23} "The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175. The role of the appellate court is to engage in a limited weighing of the evidence introduced at trial in order to determine whether the state appropriately carried its burden of persuasion. Thompkins
at 390 (Cook, J., concurring). The reviewing court must defer to the factual findings of the trier of fact as to the weight to be given the evidence and the credibility of the witnesses. Statev. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 24} Although appellant attempts to argue that Mr. Bene's testimony and the factual events depicted at trial are unfathomable, our foregoing analysis has demonstrated that the relevant events portrayed at trial were feasible. Accordingly, this court will not disturb those findings on appeal, as the credibility of each witness was a critical issue for the trier of fact to determine. State v. Ready (2001), 143 Ohio App.3d 748.
 {¶ 25} Further, in addition to witness testimony, the state presented the results of a lab analysis. This analysis established that a sample of material taken from a scuff mark on the hood of appellant's vehicle was identical to the material found on Mr. Bene's microphone stand Such evidence further corroborates that appellant exerted "force" against Mr. Bene. Thus, this portion of appellant's first assignment of error is also not well taken.
 {¶ 26} Appellant has failed to demonstrate that his robbery conviction was supported by insufficient evidence or was against the manifest weight of the evidence. Accordingly, appellant's first assignment of error is without merit.
 {¶ 27} Under his second assignment of error, appellant contends that the trial court erred when it overruled his motion for acquittal pursuant to Crim.R. 29. Appellant again argues the state failed to prove, beyond a reasonable doubt, that "force" was used during the robbery. In support of his argument, appellant asserts that the jury chose to ignore Mr. Bene's testimony regarding his injured left thigh and, as a result, acquitted him of aggravated robbery, felonious assault, and robbery, in violation of R.C. 2911.02(A)(2).
 {¶ 28} Under Crim.R. 29, the trial court "shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." State v. Bridgeman (1978),55 Ohio St.2d 261, syllabus. Accordingly, a motion for judgment of acquittal under Crim.R. 29 should be granted only where the evidence is insufficient to sustain a conviction. State v. Apanovitch
(1987), 33 Ohio St.3d 19, 23. Thus, an appellate court must apply the same standard in reviewing a denial of a motion for acquittal as if it were reviewing a challenge to the sufficiency of the evidence.
 {¶ 29} Our analysis of appellant's first assignment of error has determined that Mr. Bene's testimony provided the jury with sufficient evidence to find, beyond a reasonable doubt, that appellant had used "force" during the attempted theft. Appellant's second assignment of error again argues that because the state was unable to show physical harm, it did not provide the jury with sufficient evidence to demonstrate force and, therefore, failed to establish a robbery conviction under R.C.2911.02(A)(3).
 {¶ 30} As previously indicated, the state provided sufficient evidence of "force" to sustain a robbery conviction regardless of the existence or non-existence of physical harm. Therefore, appellant's second assignment of error is without merit.
 {¶ 31} Under his third assignment of error, appellant submits that the trial court erred in sentencing him to a three-year prison term. Appellant challenges his sentence based on the following: (1) the court's failure to consider and announce its findings of the relevant statutory factors under R.C. 2929.12, when imposing more than the minimum prison term; (2) the court's failure to consider his remorse; and (3) the trial court's erroneous finding that Mr. Bene had suffered physical harm.
 {¶ 32} A reviewing court will not reverse a sentence unless an appellant establishes that the trial court failed to comply with the applicable statutory requirements or that it abused its discretion by failing to consider sentencing factors. State v.Rupert, 11th Dist. No. 2001-L-169, 2002-Ohio-7268, at ¶ 5. "The term `abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v. Adams
(1980), 62 Ohio St.2d 151, 157.
 {¶ 33} Under R.C. 2929.11, the purposes of criminal sentencing are to punish the offender and to protect the public from future crime. To ensure that the sentence imposed is consistent with these purposes, a trial court must consider such things as the seriousness of the offender's conduct, the offender's criminal record, and the circumstances under which the crime was committed. R.C. 2929.12. The trial court is granted broad discretion in determining the most effective way to uphold the sentencing objectives when sentencing a defendant. Id.
 {¶ 34} Appellant first argues that the trial court erred by failing to consider the relevant statutory factors prior to sentencing. In State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, the Ohio Supreme Court held that a trial court is required to state its findings and reasoning within both the record of the sentencing hearing and judgment entry of sentence before imposing either a consecutive sentence or a sentence exceeding the minimum term of incarceration. Id. at paragraphs one and two of the syllabus.
 {¶ 35} We first note that appellant's robbery conviction was a felony of the third degree and a consecutive sentence was not imposed. Pursuant to R.C. 2929.14(A)(3), "[f]or a felony of the third degree, the prison term shall be one, two, three, four, or five years." Clearly, appellant's three-year term of incarceration exceeds the statutory minimum of a one-year prison term. Accordingly, the trial court was required to state its findings and reasoning, with respect to the non-minimum sentence, within the record of the sentencing hearing and within the judgment entry of sentence.
 {¶ 36} R.C. 2929.14(B)(1) sets forth the relevant statutory guideline for imposing a prison term greater than the statutory minimum, to wit:
 {¶ 37} "* * * [I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:
 {¶ 38} "The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term."
 {¶ 39} The trial court noted in both the record of the sentencing hearing and its judgment entry of sentence that appellant had served a previous prison term. Such a finding represents an adequate reason, pursuant to R.C. 2929.14(B)(1), to sentence appellant to a term of incarceration exceeding the statutory minimum. Thus, the trial court has complied with the applicable statutory prerequisites and Comer.
 {¶ 40} Moreover, appellant erroneously argues that the trial court was required to specify its findings in relation to each of the factors set forth under R.C. 2929.12. Although R.C. 2929.12
requires the trial court to consider the delineated factors, the court is not required to "use specific language or make specific findings on the record in order to evince the requisite consideration of the applicable seriousness and recidivism factors [of R.C. 2929.12]." State v. Arnett, 88 Ohio St.3d 208,215, 2000-Ohio-302. See, also, State v. Edgerton, 11th Dist. No. 2002-L-187, 2004-Ohio-1960, at ¶ 10. Accordingly, the trial court was simply required to state that it had considered these factors. Edgerton at ¶ 11.
 {¶ 41} Within the record of the sentencing hearing and the judgment entry of sentence, the trial court noted that it had considered the statutory factors of R.C. 2929.12. As a result, the trial court adequately addressed these factors and did not err by failing to address each specific factor. This portion of appellant's third assignment of error is not well taken.
 {¶ 42} Next, appellant argues that in sentencing him to a three-year prison term, the trial court failed to consider his remorse. Under R.C. 2929.12(D)(5), when sentencing, the court is to consider whether "[t]he offender shows no genuine remorse for the offense." During the sentencing hearing, the trial court expressly stated that appellant had no genuine remorse for his offense. The trial court's determination in this regard was made subsequent to an extensive dialogue with appellant in which he expressed his regret for committing the offense of which he was convicted. Notwithstanding appellant's statements, the court decided that any remorse expressed by appellant was not sincere. The court further noted in its judgment entry of sentence that it had considered the "seriousness and recidivism factors under [R.C.] 2929.12."
 {¶ 43} As the trial court was in the best position to evaluate the sincerity of appellant's alleged remorse, we hold that the court adequately considered remorse as a factor for sentencing. This portion of appellant's third assignment of error is not well taken.
 {¶ 44} Moreover, the record before us substantiates the trial court's conclusion in this regard as appellant had a prior criminal history of convictions similar to the conviction in the instant case. Any remorse seemed to be short-lived. For this additional reason, this portion of appellant's third assignment of error is not well taken.
 {¶ 45} Finally, appellant argues that the trial court erred in sentencing him to a three-year prison term based upon its erroneous factual finding that Mr. Bene had sustained serious physical injuries. After reviewing the transcript of the sentencing hearing, it is clear that the trial court mistakenly stated that Mr. Bene had incurred serious physical injuries. At trial, Mr. Bene testified that the only injuries incurred were a bruised left thigh and a scraped elbow, neither of which required medical attention. Furthermore, the jury obviously found that Mr. Bene had not sustained serious physical harm based upon its acquittal of appellant's aggravated robbery and felonious assault charges.
 {¶ 46} Although the trial court erred in finding that Mr. Bene suffered serious physical harm, we conclude that such error is harmless. This erroneous factual conclusion was one of many factors the court considered under R.C. 2929.12 when issuing its sentence. The transcript of the sentencing hearing demonstrates the trial court's emphasis in sentencing appellant to a three-year prison term was grounded upon his prior criminal history, a high likelihood of recidivism, and the inability of placing appellant on probation as the available treatment programs would no longer accept appellant's admission. Thus, despite the trial court's deficient factual conclusion, there were a multitude of additional factors that weighed heavily in favor of appellant receiving a three-year prison term. This portion of appellant's third assignment of error is not well taken.
 {¶ 47} The aforementioned analysis has demonstrated that the trial court did not abuse its discretion in sentencing appellant to a three-year prison term. Appellant's third assignment of error is without merit.
 {¶ 48} Based upon the foregoing analysis, appellant's three assignments of error are without merit. We hereby affirm appellant's conviction and sentence.
Ford, P.J., O'Neill, J., concur.
[1] Appellant's indictment for petty theft originated from a separate offense occurring the day after the events that produced the charges of aggravated robbery, felonious assault, and robbery. Because appellant only challenges his robbery conviction on appeal, our review will focus solely upon those events which culminated in such conviction.