JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App. R. 11.1(E) and Loc. R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct. R.Rep.Op. 3(A).
Defendant-appellant Antoine Mauldin appeals his 23-year sentence for aggravated robbery, a gun specification, and kidnapping. We affirm.
Mauldin was involved in the robbery of a business at gunpoint. During the robbery, he threatened the employee's life, helped to bind her with tape, pointed a gun at her head, and threatened her life. The threats involved both present and future harm, with Mauldin saying that he knew where the employee lived and would find her if she told the police about the robbery.
Mauldin was found guilty and sentenced to 23 years' imprisonment. In an earlier appeal of his sentence, he claimed that the trial court should have granted him a continuance because his trial counsel was ill and was unable to assist him at the sentencing hearing. We agreed and remanded the case for resentencing.[1] On remand, the trial court examined all the relevant statutory factors, and Mauldin received the same sentence that had originally been imposed.
In this appeal, Mauldin assigns one error — namely, that the trial court failed to consider factors that made recidivism less likely. He argues that the offense was committed under circumstances unlikely to recur and that he showed genuine remorse.
Under R.C. 2929.12(E), a trial court shall consider whether a defendant is likely to commit future crimes. Two of the factors under that section are whether the offense was committed under circumstances not likely to recur and whether the defendant showed genuine remorse for the offense. We will not reverse a sentence unless a defendant demonstrates that the trial court failed to comply with the statutory requirements or that it abused its discretion by failing to consider the relevant sentencing factors.[2]
Mauldin argues that the circumstances of the offense were not likely to recur. In support of his argument, Mauldin points out, among other things, that he supported his three children, that he had a strong relationship with the mother of two of his children, that he was studying computers in school, that he was tutoring inmates, and that he was involved in church. But all of these circumstances existed before Mauldin committed the offense. We do not see how they should have had a bearing on recidivism if they did not prevent him from committing the crime in the first place. We cannot say that the trial court erred in not finding that this factor was present.
As for his genuine-remorse claim, Mauldin points out that he accepted responsibility for his actions, that he wrote a letter of apology to the victim, that he apologized to the victim in court, and that he expressed remorse during the presentence investigation. But it was in the trial court's discretion to determine whether Mauldin had demonstrated genuine remorse. Due to the seriousness of the crime, we doubt that Mauldin's remorse, if genuine, would have affected his sentence anyway.
Accordingly, we affirm the trial court's judgment.
Further, a certified copy of this Judgment Entry shall be sent to the trial court under App. R. 27. Costs shall be taxed under App. R. 24.
Hildebrandt, P.J., Painter and Sundermann, JJ.
[1] See State v. Mauldin (Dec. 5, 2003), 1st Dist. No. C-030158.
[2] State v. Fritts, 11th Dist. No. 2003-L-026,2004-Ohio-3690.