OPINION
{¶ 1} Defendant-appellant, Terrance Jones, appeals his eighteen month total consecutive sentence in the Mahoning County Common Pleas Court, following a guilty plea, for one count of failure to comply with an order or signal of a police officer, and one count of receiving stolen property.
 {¶ 2} On February 12, 2004, a Mahoning County Grand Jury indicted appellant on the following three counts: (1) receiving stolen property in violation of R.C. 2913.51(A)(C), a fourth degree felony; (2) possessing criminal tools in violation of R.C.2923.24(A)(3)(C), a fifth degree felony; and (3) failure to comply with an order or signal of a police officer in violation of R.C. 2921.331(B)(C)(1)(5)(a)(ii), a third degree felony.
 {¶ 3} On March 12, 2004, pursuant to a plea agreement, appellant pleaded guilty to count one, receiving stolen property, as charged, and count three, failure to comply with an order or signal of a police officer, which was amended from a third degree felony to a fourth degree felony. Count two, possession of criminal tools was dismissed as part of the agreement.
 {¶ 4} On April 6, 2004, the trial court held appellant's sentencing hearing. The trial court sentenced appellant to the minimum term of six months imprisonment for failure to comply with an order or signal of a police officer, and twelve months for receiving stolen property. Furthermore, the trial court ruled that both sentences were to be served consecutively, for a total of an eighteen month sentence on both counts. This appeal followed.
 {¶ 5} Appellant's sole assignment of error states:
 {¶ 6} "THE TRIAL COURT COMMITTED ERROR TO THE DETRIMENT OF THE APPELLANT WHEN IT SENTENCED HIM TO A CONSECUTIVE NONMINIMUM PRISON TERM WITHOUT PROPERLY REVIEWING O.R.C. 2929.12, 2929.13,2929.14 AND 2929.19."
 {¶ 7} Appellant pleaded guilty to: (1) one count of failure to comply with an order or signal of a police officer in violation of R.C. 2921.331(B)(C)(1)(4), which was amended from a third degree felony to a fourth degree felony, and (2) receiving stolen property in violation of R.C. 2913.51(A)(C), a fourth degree felony. Under R.C. 2929.14(A)(4), a fourth degree felony carries a possible prison term of six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months. The trial court sentenced appellant to six months and twelve months, respectively, to be served consecutively for a total prison term of eighteen months.
 STANDARD OF REVIEW {¶ 8} R.C. 2953.08(A) provides in relevant part:
 {¶ 9} "(A) In addition to any other right to appeal and except as provided in division (D) of this section, a defendant who is convicted of or pleads guilty to a felony may appeal as a matter of right the sentence imposed upon the defendant on one of the following grounds:
 {¶ 10} "
 {¶ 11} "* * *
 {¶ 12} "(4) The sentence is contrary to law."
 {¶ 13} Additionally, R.C. 2953.08(G)(2) provides:
 {¶ 14} "The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
 {¶ 15} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
 {¶ 16} "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (E)(4) of section 2929.14, or division (H) of section2929.20 of the Revised Code, whichever, if any, is relevant;
 {¶ 17} "(b) That the sentence is otherwise contrary to law."
 {¶ 18} Clear and convincing evidence has been defined by the Ohio Supreme Court in Cross v. Ledford (1954),161 Ohio St. 469, 53 O.O. 361, 120 N.E.2d 118, paragraph three of the syllabus, as:
 {¶ 19} "[T]hat measure or degree of proof which is more than a mere `preponderance of the evidence,' but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." See, also, State v. Eppinger (2001),91 Ohio St.3d 158, 164, 743 N.E.2d 881.
 R.C. 2929.12 SERIOUSNESS FACTORS[1] {¶ 20} When determining whether to impose a prison term as a sanction for a fourth degree felony and the offender was on probation at the time of the offense, the court must consider R.C. 2929.13(B)(2)(a), which states in relevant part:
 {¶ 21} "[I]f the court, after considering the factors set forth in section 2929.12 of the Revised Code, finds that a prison term is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code and finds that the offender is not amenable to an available community control sanction, the court shall impose a prison term upon the offender."
 {¶ 22} The overriding purposes of felony sentencing are (1) to protect the public from future crime by the offender and others and (2) to punish the offender. R.C. 2929.11(A). In order to achieve those purposes, the sentencing court must "consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." R.C. 2929.11(A).
 {¶ 23} The sentencing court is also required to consider principles aimed at achieving the two overriding purposes of felony sentencing. R.C. 2929.11(B). The first principle requires that the sentence be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim." R.C. 2929.11(B). The second principle commands that the sentence be "consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).
 {¶ 24} Under Ohio's felony sentencing law there are two primary categories of factors the court must consider in making the sentencing determination — seriousness factors and recidivism factors. Additionally, the court may consider any other relevant factors relating to seriousness and recidivism to the extent they are helpful in achieving the overriding purposes and principles of felony sentencing.
 {¶ 25} The seriousness factors enumerated in R.C. 2929.12
take one of two forms — factors that make an offense more serious than conduct normally constituting the offense, and factors that make an offense less serious than conduct normally constituting the offense. The factors that make an offense more serious than conduct normally constituting the offense are enumerated under R.C. 2929.12(B). They are:
 {¶ 26} "(1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.
 {¶ 27} "(2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.
 {¶ 28} "(3) The offender held a public office or position of trust in the community, and the offense related to that office or position.
 {¶ 29} "(4) The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.
 {¶ 30} "(5) The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.
 {¶ 31} "(6) The offender's relationship with the victim facilitated the offense.
 {¶ 32} "(7) The offender committed the offense for hire or as a part of an organized criminal activity.
 {¶ 33} "(8) In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion."
 {¶ 34} The factors that make an offense less serious than conduct normally constituting the offense are enumerated under R.C. 2929.12(C). They are:
 {¶ 35} "(1) The victim induced or facilitated the offense.
 {¶ 36} "(2) In committing the offense, the offender acted under strong provocation.
 {¶ 37} "(3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.
 {¶ 38} "(4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense."
 {¶ 39} Initially, appellant argues that the trial court failed to address any of the eight factors in R.C. 2929.12. Although R.C. 2929.12 requires the trial court to consider the delineated factors, the court is not required to "use specific language or make specific findings on the record in order to evince the requisite consideration of the applicable seriousness and recidivism factors [of R.C. 2929.12]." State v. Arnett,88 Ohio St.3d 208, 215, 724 N.E.2d 793, 2000-Ohio-302. Accordingly, the trial court is simply required to state that it had considered these factors. State v. Edgerton, 11th Dist. No. 2002-L-187, 2004-Ohio-1960, at ¶ 10.
 {¶ 40} Nonetheless, in this case, within the record of the sentencing hearing and the judgment entry of sentence, the trial court noted that it had considered the statutory factors of R.C.2929.12. As a result, the trial court adequately addressed these factors and did not err by failing to address each specific factor.
 {¶ 41} Next, appellant argues that the trial court considered factors not prescribed in the statute for a determination of the seriousness of the offense. Specifically, appellant takes issue with the court's finding that the offense in this case involved more than one person and transporting across state lines. Appellants argument ignores the plain language of the statute which states that "[t]he sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense[.]" (Emphasis added.) R.C. 2912.12(B).
 {¶ 42} As the particular factors apply to him, appellant argues that his crime was not more serious than conduct normally constituting the offense. Specifically, appellant states that he did not cause physical harm to any person or property. Appellant also contends that he had "issues" which should have been considered by the court to mitigate his sentence. He points to his expression of remorse and a desire to get his life turned around. In support, he highlights the fact that he obtained a General Equivalence Diploma (GED) while awaiting sentencing. R.C.2929.12(C) does not require the trial court to assign a specific weight to any one factor. Instead, R.C. 2929.12(C) simply requires the trial court to "consider" each factor. "[T]he individual decisionmaker has the discretion to determine the weight to assign a particular statutory factor." State v.Arnett (2000), 88 Ohio St.3d 208, 215, 724 N.E.2d 793. Here, the trial court, at the behest of himself and appellant's counsel, clearly considered appellant's remorse and education at the sentencing hearing and was free to assign the weight to be afforded these circumstances.
 {¶ 43} Accordingly, this portion of appellant's assignment of error is without merit.
 NONMINIMUM SENTENCE {¶ 44} Appellant was sentenced to twelve months for receiving stolen property, which was more than the minimum of six months specified in the statute. See R.C. 2929.14(A)(4). Consequently, the nonminimum provision of the code, R.C. 2929.14, is implicated with this sentence.
 {¶ 45} According to R.C. 2929.14(B), the court shall impose the shortest prison term authorized unless: (1) the offender has previously served a prison term or was serving one at the time of the offense or (2) the court finds on the record that the shortest prison term either will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others. The court need not give reasons in support of its findings as it must for simply sentencing a fourth degree felon to prison. See R.C.2929.12(B)(2); State v. Edmonson (1999), 86 Ohio St.3d 324,326, 715 N.E.2d 131. The findings required under R.C.2929.14(B)(2) must be made at the sentencing hearing to qualify as "on the record." Comer, 99 Ohio St.3d 463, 2003-Ohio-4165,793 N.E.2d 473, at ¶ 26.
 {¶ 46} In this case, the portion of the sentencing transcript relevant to the court's discussion of a nonminimum sentence reads as follows:
 {¶ 47} "[THE COURT:] * * * So the Court next needs to consider the appropriate range of sentence. These are both offenses of the fourth degree. The shortest term is to be imposed if he has not been in prison before.
 {¶ 48} "Have you been sent to prison before?
 {¶ 49} "THE DEFENDANT: No, sir.
 {¶ 50} "THE COURT: Well, in Trumbull County you have. How long ago was that?
 {¶ 51} "THE DEFENDANT: Last month.
 {¶ 52} "THE COURT: The longest term can be imposed only if the offender committed the worst form of the offense or possesses the greatest likelihood of committing future crimes. This Court does not impose the maximum sentence when someone does admit to the crimes that they did commit, and so the Court will not impose the maximum sentence. The shortest prison term under these circumstances is, likewise, inappropriate.
 {¶ 53} "So the Court orders the defendant be taken from here to the Mahoning County Jail, from there to the Department of Rehabilitation and Corrections, there to serve a term of one year on the charge of receiving stolen property. He is to pay the costs of the prosecution. * * *"
 {¶ 54} It is evident from this relevant portion of the sentencing transcript and after a thorough review of the entire transcript that the court did not make the findings required for deviating from the minimum at the sentencing hearing. The court simply concluded that it was going to impose a nonminimum sentence. Therefore, this portion of appellant's assignment of error has merit.
 CONSECUTIVE SENTENCES {¶ 55} R.C. 2929.14(E)(4) states:
 {¶ 56} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 57} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 58} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 59} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 60} R.C. 2929.19(B)(2)(c) requires the sentencing court to state its reasons for electing to impose a consecutive sentence pursuant to R.C. 2929.14. The Supreme Court has interpreted R.C.2929.14(E) and R.C. 2929.19(B)(2) to require that the trial court enumerate its findings and give reasons supporting those findings at the sentencing hearing. State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, 793 N.E.2d 473, ¶ 21.
 {¶ 61} In this case, the portion of the sentencing transcript relevant to the court's discussion of consecutive sentences reads as follows:
 {¶ 62} "[THE COURT:] * * * The Court further orders the defendant to serve the term of six months on the charge of failure to comply with an order or signal of a police officer. That sentence is to be served consecutively to the sentence imposed in Count One. The Court finds it necessary to protect the public and to punish the offender is not disproportionate to the harm caused and the potential for disaster by virtue of this interstate chase. The Court finds, further, that the crimes were committed while the offender was on a community control sanction and that his criminal history shows consecutive terms are needed to protect the public. This Court imposes these terms consecutive to the sentence imposed in Trumbull County because I don't believe in random concurrent sentences in county to county. I believe that would represent the forbidden freebie. You need to understand that when you commit a crime in Mahoning County, you will pay a price for it in Mahoning County."
 {¶ 63} Here, the trial court made the requisite findings to impose consecutive sentences. The court found that consecutive service was necessary to protect the public from future crime and to punish the offender, and that consecutive sentences were not disproportionate to the seriousness of the offender's conduct and to the danger the offender posed to the public. The court also found that appellant's crimes were committed while appellant was on a community control sanction and that his criminal history showed that consecutive terms were needed to protect the public. However, it is apparent from this relevant portion of the sentencing transcript and after a thorough review of the entire transcript that the court did not articulate its reasons in support of its findings for imposing consecutive sentences at the sentencing hearing. Therefore, this portion of appellant's assignment of error has merit.
 {¶ 64} Accordingly, those portions of appellant's assignment of error concerning the nonminimum sentence and the consecutive sentences are with merit.
 {¶ 65} The judgment of the trial court is hereby reversed and this matter is remanded for resentencing according to law and consistent with this opinion.
Vukovich, J., concurs.
DeGenaro, J., concurs.
[1] In his appellate brief, appellant also lists the recidivism factors that are to be considered by the sentencing court under R.C. 2929.12(D) and (E) and makes mention of the trial court's findings in that regard in this case. However, appellant makes no attempt to take issue with those findings or argue that certain factors were not and/or should have been considered. Therefore, this opinion will not address that aspect of the court's sentencing decision.