The STATE of Ohio, Appellee,

v.

FURLOW, Appellant.

[Cite as *State v. Furlow* (1992), 80 Ohio App.3d 146.]

Court of Appeals of Ohio,
Montgomery County.

No. 13213.

Decided May 19, 1992.

*Lee C. Falke,* Prosecuting Attorney, and *Joyce A. Rollert,* Assistant Prosecuting Attorney, for appellee.

*Elissa D. Cohen,* for appellant.

WOLFF, Judge.

Michael L. Furlow was indicted for robbery, in violation of R.C. 2911.02(A). The indictment alleged that in committing a theft offense Furlow "did use force against * * * Clarence E. Brocke." The indictment also contained a specification that Furlow had previously been convicted of robbery, an aggravated felony.

After a trial by jury, Furlow was found guilty of robbery and sentenced to eight to fifteen years imprisonment. On appeal, Furlow advances three assignments of error as follows:

"I. Appellant's conviction for robbery should be reversed because the evidence adduced at trial was legally insufficient to prove beyond a reasonable doubt all the elements of robbery.

148

"II. The judgment and jury verdict are against the manifest weight of the evidence.

"III. The trial court erred in denying appellant's motion for acquittal pursuant to Crim.R. 29."

 The trial court instructed the jury on robbery and the lesser included offense of theft. A critical issue in the case was whether the state had established the element of force by evidence sufficient to sustain a robbery conviction. Furlow concedes on appeal that the evidence was sufficient to support the jury's finding him guilty of theft. He contends, however, that the state presented insufficient evidence of force. It is the additional element of force which makes a robbery out of what would otherwise be a theft. R.C. 2911.02(A).

Because all three assignments of error address the sufficiency of the evidence of force, we will address them together.

To the extent pertinent to this appeal, R.C. 2911.02(A) defines and prohibits the offense of robbery as follows: "No person, in * * * committing a theft offense * * * shall use or threaten the immediate use of force against another." "Force" is defined in R.C. 2901.01(A) as "any violence, compulsion, or constraint, physically exerted by any means upon or against a person or thing." The trial court utilized this definition of force in instructing the jury. The Committee Comment to R.C. 2911.02 states in part that " * * * this section provides that the difference between theft and robbery is an element of actual or potential harm to persons." The trial court did not utilize this concept from the Committee Comment in instructing the jury.

In the context of robbery, at least two appellate courts have stated that the type of force envisioned by the legislature in enacting R.C. 2911.02 is "that which poses actual or potential harm to a person." *State v. Carter* (1985), 29 Ohio App.3d 148 at 149, 29 OBR 165 at 166, 504 N.E.2d 469 at 470. *State v. Ballard* (1984), 14 Ohio App.3d 59 at 60, 14 OBR 64 at 65, 469 N.E.2d 1334 at 1335. In our judgment, these courts, guided by the Committee Comment to R.C. 2911.02, have properly determined that the difference between theft and robbery is an element of actual or potential harm to persons.

 The difference between theft and robbery can be as great as the difference between a first degree misdemeanor and an aggravated felony of the second degree. R.C. 2913.02(B), 2911.02(B). Requiring that the force necessary to elevate a theft to a robbery involve actual or potential harm provides a meaningful distinction between the two offenses. The definition of "force" in R.C. 2901.01(A), without more, does not serve to sufficiently distinguish the offenses of theft and robbery, which carry very different

penalties. Concomitantly, a jury instruction that incorporates into the definition of force the requirement of actual or potential harm will provide the jury with a tangible means of evaluating evidence of force in robbery prosecutions that an instruction based solely on the R.C. 2901.01(A) definition will not provide.

The state's evidence was that Furlow asked Clarence Brocke for change for a five dollar bill, and that after Brocke was holding five singles in one hand and his wallet in the other, Furlow snatched the wallet and bills from Brocke's hands and fled. As it pertained to the element of force, the testimony of the victim, Brocke, was as follows:

" * * * I had the billfold in my left hand, five ones in my right. And he came toward me and I said, well? I looked up at him and I said where's your five? And just like that—I was looking at him. He grabbed the billfold out of one hand, five ones, turned and took off.

" * * *

"The minute I saw his hand out there and nothing in it it started dawning on me. But it was too late. I knew right then—I put a little grip on it so he had to snatch hard."

At most, the state established that Furlow snatched Brocke's wallet and money which, upon realizing that Furlow was up to no good, Brocke was gripping in his hands more tightly than he normally would have.

█ It cannot be gainsaid that Furlow's snatching the wallet and money from Brocke's firmer than usual grip was arguably within the ambit of the word "violent." R.C. 2901.01(A). However, there is no evidence that Furlow's snatching of the wallet and money occasioned either actual or potential harm to Brocke. Based upon our determination that the force required for robbery requires actual or potential harm, we conclude that the evidence of force was, as a matter of law, insufficient to support a conviction for robbery.

The assignments of error are sustained.

The judgment, as it memorializes the jury's finding that Furlow was guilty of robbery, and as it sentences Furlow for robbery, will be reversed. The judgment, as it memorializes the jury's necessary finding that Furlow was guilty of the lesser included offense of theft, will be affirmed.

The matter will be remanded for the purpose of the court's sentencing Furlow for theft.

*Judgment accordingly.*

FAIN, P.J., and GRADY, J., concur.