OPINION
Defendant-appellant, Troy B. Wolford, appeals from the judgment of the Franklin County Court of Common Pleas convicting him of one count of robbery (R.C. 2911.02[A][2]), a felony of the second degree, two counts of robbery (R.C. 2911.02[A][3]), felonies of the third degree, and two counts of theft (R.C. 2913.02), felonies of the fifth degree. All counts related to three separate purse snatching incidents involving three separate victims — Nancy Craft on January 30, 1999 at a Kroger store in Grove City, Bonnie Smith at a Meijer store in Columbus on January 31, 1999, and Rose Wood at the same Meijer store on February 2, 1999. Each victim had been in the parking lot of the store when they were approached by appellant driving a red car, who then snatched the purses from the victims.
In the judgment entry filed March 23, 2000, the trial court sentenced appellant to imprisonment on all five counts with the sentences on three of the counts (the greater offense as to each victim) running consecutively to each other.
Appellant timely appeals and raises the following two assignments of error:
First Assignment of Error
 The judgment of the trial court is not supported by sufficient evidence.
Second Assignment of Error
 The trial court erred in ordering the sentences to be served consecutively in the absence of any evidence in the record of any of the factors enumerated in R.C. 2929.14(E), and in the absence of any finding of such factors on the record.
In his first assignment of error, appellant contends that his convictions were not supported by sufficient evidence. In particular, appellant makes two separate arguments. First, he contends that there was insufficient evidence that he was the perpetrator of any of the robberies. Second, appellant contends that there was insufficient evidence that he used or threatened the immediate use of force against Craft and Smith necessary to support a conviction for robbery as to them. We find neither of appellant's arguments persuasive.
Sufficiency of the evidence is the legal standard applied to determine whether the case should have gone to the jury. State v. Thompkins
(1997), 78 Ohio St.3d 380, 386. In other words, sufficiency tests the adequacy of the evidence and asks whether the evidence introduced at trial is legally sufficient as a matter of law to support a verdict.Id. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus, following Jackson v. Virginia (1979), 443 U.S. 307,99 S.Ct. 2781. The verdict will not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier of fact. Jenks, supra, at 273. If the court determines that the evidence is insufficient as a matter of law, a judgment of acquittal must be entered for the defendant. See Thompkins, supra, at 387.
Under these principles, there was sufficient evidence identifying appellant as the perpetrator of the purse snatchings. All three victims identified appellant's red car, a Pontiac Sunbird, as the vehicle that the offender used to commit the crimes, and appellant told investigating police officers that he never lets anyone else drive his car. All three victims gave the investigating officers a general description of the offender matching that of the appellant. One week after the Smith purse snatching, Smith selected appellant's photograph from a photo array, indicating that she was eighty percent sure appellant was the offender. At trial, Smith testified that she was one hundred percent sure that appellant was the offender. On February 2, 1999, the day of the Wood purse snatching, the police found Wood's employee identification card in appellant's car, which had been found in a nearby apartment complex. Finally, after being arrested later that day, appellant voluntarily stated that he did not know anything about any women's purses being stolen even though he had yet to be informed that he was being questioned about the purse snatching incidents. In sum, the evidence was sufficient to establish appellant as the perpetrator of the crimes.
Likewise, we reject appellant's contention that there was insufficient evidence of force used against Craft and Smith to support his convictions for robbery as to them. As to both Craft and Smith, appellant was convicted of robbery in violation of R.C. 2911.02(A)(3), a felony of the third degree. R.C. 2911.02(A)(3) is violated if the defendant, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, uses or threatens the immediate use of forceagainst another. Relying on this court's decision in State v. Myatt (June 30, 1997), Franklin App. No. 96APA12-1657, unreported, appellant argues that the use of force necessary to support a conviction for robbery under R.C. 2911.02(A)(3) must involve actual or potential harm to the victim and further argues that the evidence in this case failed to support such a finding of force as against Craft and Smith. We disagree.
In Myatt, supra, this court found that evidence that the thief yanked a purse from the victim and ran away was alone insufficient to support the robbery conviction. In so doing, we noted that there was no evidence that the victim was pushed, struck, touched, or in any way injured. Further, there was no suggestion in Myatt that the thief met any significant resistance from the victim during the purse snatching. See, also, State v. Furlow (1992), 80 Ohio App.3d 146, 149 (evidence that defendant snatched wallet and money from victim's firmer than usual grip was insufficient evidence of force necessary to convict defendant of robbery); cf. State v. Wynn (June 11, 1998), Franklin App. No. 97APA09-1203, unreported (evidence that defendant personally touched the victim and jolted her body was sufficient evidence of force to support a robbery charge).
Here, the evidence is materially different from that found insufficient in Myatt. In particular, both Craft and Smith testified that they struggled with appellant as he yanked their purses from them. For example, Craft explained that appellant's car came close enough to almost pin her to another car and that the following struggle ensued:
 He grabbed the strap of it [the purse]. He grabbed the strap of it, so I pulled back thinking I could, you know, be able to keep onto it, you know, the purse, but he grabbed it the second time and then he used more force when he did it, okay. [Tr. at 48.]
According to Craft, the incident lasted several minutes. Likewise, Smith testified that appellant grabbed her purse, which was over her left shoulder, that she attempted to hold onto the purse and was dragged by appellant for several seconds, and that she eventually let go when she fell to the ground injuring her knee. Simply put, the testimony of Craft and Smith indicates that the conduct of appellant involved actual or potential harm to the victims. As such, the evidence is sufficient to support the robbery convictions.
Appellant's first assignment of error is not well-taken.
In his second assignment of error, appellant contends that the trial court erred by imposing consecutive sentences. Appellant argues that the trial court failed to make the necessary statutory findings as required by R.C. 2929.14(E)(4) and that the record otherwise fails to support the trial court's imposition of consecutive sentences. The state has conceded error in the trial court's failure to make the requisite findings but contends that the record would otherwise support imposition of consecutive sentences.
R.C. 2929.14(E)(4) permits the trial court to impose consecutive prison terms if the court makes certain findings. In particular, the trial court initially must find that "consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." R.C. 2929.14(E)(4). Further, the trial court must find any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. [Id.]
Furthermore, when a trial court imposes consecutive sentences under R.C. 2929.14, it must state on the record the necessary findings for doing so. R.C. 2929.19(B)(2)(c). The failure of the trial court to do so, requires remand for resentencing. See, e.g., State v. Maser (Apr. 20, 1999), Franklin App. No. 98AP-689, unreported.
Here, as conceded by the state, the trial court failed to make the necessary findings required by R.C. 2929.14(E)(4) for imposition of consecutive sentences. As a result, we must remand for resentencing. Furthermore, until the trial court makes the required findings, we need not address at this time whether the record would support the imposition of consecutive sentences. See Maser, supra.
For the foregoing reasons, appellant's first assignment of error is overruled, appellant's second assignment of error is sustained to the extent resentencing is required. The judgment of the Franklin County Court of Common Pleas is affirmed in part and reversed in part, and the matter is remanded for resentencing.
BRYANT and TYACK, JJ., concur.