DECISION.
{¶ 1} Defendant-appellant Abdullah Walker appeals his adjudication of delinquency for one count of robbery, a third-degree felony if committed by an adult. The trial court committed Walker to the Department of Youth Services (DYS) for a minimum period of six months and ordered each of his parents to pay fifty dollars a month to DYS in child support. We affirm.
 I. Struggle Over a Bag {¶ 2} On June 23, 2004, Walker and four other boys began harrassing Vhaohu Shi as he walked down Bishop Street in Cincinnati. At the time, Walker was 16 years old, while the other boys ranged in age from 13 to 17 years old.
 {¶ 3} Cincinnati police officers Kristin Shircliff and Matthew Latzy both testified that they were in the area on another case when they noticed a group of noisy youngsters moving down Bishop. The officers received a report of five disorderly youngsters heading down Bishop and decided to keep an eye on the group.
 {¶ 4} The officers watched from a distance in their unmarked police vehicle as the boys yelled at Shi and punched and kicked at him without actually touching him. Shircliff testified that she saw Walker make several of the kicking and punching gestures at Shi. Shircliff testified that all five boys then surrounded Shi, with Walker on Shi's left. Ishmail Walker, Walker's younger brother, began grabbing at Shi's bag, which contained a laptop computer.
 {¶ 5} Shi had the bag's strap across his neck and shoulder and struggled to hold on to it. Shircliff testified that Ishmail was grabbing at the bag with both hands and "was yanking pretty forcefully on it." She testified that Shi was resisting so strenuously that he was being spun around and was almost losing his balance. Shircliff testified that Shi looked scared and that his hair was in disarray from the struggle.
 {¶ 6} Officer Latzy testified similarly. He testified that when the boys were first harrassing Shi, Shi attempted to step aside and let the boys pass. But the boys stayed near Shi and eventually surrounded him in a semicircle. Latzy testified that one of the boys grabbed Shi's bag and the two struggled over it. According to Latzy, though Ishmail was the only one actually grabbing at Shi's bag, the other boys remained nearby in a semicircle. Latzy said, "They had his back."
 {¶ 7} The officers testified that once they saw the physical struggle, they intervened. Shircliff testified that Ishmail still had his hands on Shi's bag when they stopped the boys. They boys claimed they had been merely asking Shi for directions. Both officers testified that all the boys were laughing and smiling. The officers arrested all five.
 {¶ 8} Shi testified through an interpreter that he had parked his car on Bishop Street and was walking towards the University of Cincinnati campus. The five boys began cursing at him and calling him "chink," a word that he knew was degrading. Shi testified that one of the boys attempted to kick him, but was not successful. He tried to let them pass, but instead they surrounded him and one began pulling on his bag. The other boys stood in a semicircle as he and the boy struggled for the bag. Shi testified that during the struggle he was getting turned around. He testified that he kept asking them in Chinese, "What do you want to do?" The boys kept saying, "Say it in English."
 II. Sufficiency and Manifest Weight {¶ 9} Walker presents two assignments of error on appeal. He first argues that his adjudication of delinquency for robbery was not supported by sufficient evidence. He next argues that his adjudication was against the manifest weight of the evidence.
 {¶ 10} A juvenile, like an adult, is constitutionally entitled to have every element of a charged crime proved beyond a reasonable doubt.[1]
We review Walker's claim of insufficiency by determining whether the evidence presented at trial, viewed in a light most favorable to the state, could have convinced any rational factfinder that Walker was guilty beyond a reasonable doubt.[2]
 {¶ 11} A challenge to the weight of the evidence attacks the credibility of the evidence.[3] When evaluating the manifest weight of the evidence in a juvenile case, we must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the adjudication must be reversed and a new trial ordered.[4]
 {¶ 12} The state charged Walker with robbery. Under the statute, "No person, in attempting or committing a theft offense, * * * shall * * * [u]se or threaten the immediate use of force against another."[5]
 {¶ 13} Walker first argues that the state failed to establish that he had attempted to commit a theft offense. Walker argues that all he did was to make rude gestures and stand with others in a semicircle around Shi. But the evidence showed that Walker did more than just that.
 {¶ 14} The evidence showed that Walker and the others harrassed Shi and did not leave him alone, even when Shi tried to let them pass. The boys surrounded Shi in a semicircle as Ishmail attempted to grab his bag. Officer Shircliff testified that all the boys acted in concert as if they had a plan. Both officers and Shi himself testified that, as he and Ishmail struggled over the bag, the others remained nearby. Latzy testified that the other boys aided Ishmail and "had his back" while he attempted to take Shi's bag.
 {¶ 15} And while Walker was not the one who grabbed Shi's bag and struggled over it with him, one who aids and abets another in committing an offense is subject to prosecution and punishment as the principal offender.[6]
 {¶ 16} We agree with the trial court's assessment of the evidence: "Five people can't all grab for the bag at one time. It just doesn't work. One person did it, and the other four added to the intimidation by standing in a semicircle. It doesn't matter which one if one was trying to get the bag and the other four were there."
 {¶ 17} Therefore, we conclude that the state sufficiently proved that Walker had attempted to commit a theft offense.
 {¶ 18} Walker next contends that the state did not prove that he had used force or threatened the immediate use of force in order to commit a theft offense. Force is defined by statute as "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing."[7] The test for force or threat of force is objective and is based on the totality of the circumstances.[8]
 {¶ 19} Both police officers and Shi testified that Ishmail grabbed the bag and that there was a struggle over it. Shircliff testified that Ishmail grabbed at the bag with both hands and "was yanking pretty forcefully on it." She testified that Shi resisted so vigorously that he was spun around and almost lost his balance. Shi himself testified that the struggle turned him around.
 {¶ 20} In arguing that the state did not prove that force or the threat of force was used, Walker relies on State v. Furlow, a Second Appellate District case.[9] In Furlow, the court considered a committee comment to the robbery statute and fashioned a further definition of "force" as "actual or potential harm to persons." In that case, the defendant had snatched the victim's wallet and money from the victim's firmer than usual grip. The court concluded that because there was no actual or potential harm to the victim, there was no force, and it reversed the defendant's conviction for robbery.[10]
 {¶ 21} But even if we were to agree with the definition of force used in Furlow, under the facts in Walker's case, force was used. Unlike inFurlow, Ishmail did not just grab Shi's bag from his shoulder or out of his hands. Shi's bag was around his neck and shoulder. Shi and Ishmail struggled over the bag with enough energy that Shi was spun around, almost lost his balance, and had his hair disheveled. Then, almost as soon as the struggle had begun, the police intervened and stopped it.
 {¶ 22} By any definition of force, the attempt to take Shi's bag involved force. There was a threat of violence and potential harm to Shi. And in addition to the struggle over the bag, one of the boys had previously attempted to kick Shi but had missed.
 {¶ 23} Viewing the evidence in a light most favorable to the state, we are convinced that there was sufficient evidence presented to show that force or the threat of force was used in Walker's attempt to rob Shi of his bag. Therefore, we conclude that a rational factfinder could have found beyond a reasonable doubt that Walker had committed robbery. The first assignment of error is overruled.
 {¶ 24} Our review of the record does not convince us that Walker's adjudication of delinquency for robbery was a manifest miscarriage of justice. Two police officers and the victim testified to essentially the same facts. The officers testified that they saw the five boys yelling at Shi and attempting to kick and punch him. They saw the boys surround Shi while one grabbed at Shi's bag and struggled with him over it. Shi testified that the boys cursed at him and called him a derogatory name, tried to kick him, and then tried to take his bag away from him.
 {¶ 25} We conclude that Walker's adjudication was not against the manifest weight of the evidence and overrule his second assignment of error. Therefore, we affirm the trial court's judgment.
Judgment affirmed.
Sundermann and Hendon, JJ., concur.
[1] See In re Winship (1970), 397 U.S. 358, 365, 90 S.Ct. 1068.
[2] See State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.
[3] See State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52,678 N.E.2d 541.
[4] See id.; State v. Martin (1983), 20 Ohio App.3d 172, 175,485 N.E.2d 717.
[5] 5 R.C. 2911.02(A)(3).
[6] R.C. 2923.03(F).
[7] R.C. 2901.01(A)(1).
[8] See State v. Bush (1997), 119 Ohio App.3d 146, 150, 694
N.E.2d 984.
[9] See State v. Furlow (1992), 80 Ohio App.3d 146, 608 N.E.2d 1112.
[10] Id. at 149.