DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of conviction and sentence entered by the Sandusky County Court of Common Pleas after defendant-appellant, Reginald L. Heidelburg, entered a guilty plea to one count of robbery. Appellant now challenges that conviction and sentence through the following assignments of error:
 {¶ 2} "I. The guilty plea entered by the defendant is invalid and not in accordance with law due to the trial court's acceptance of the plea in the absence of evidence that the robbery charge, and not the lesser charge of theft is warranted.
 {¶ 3} "II. The trial court, in imposing the maximum prison sentence permitted for the offense, erred in failing to make all findings required under Ohio Revised Code Section 2929.14."
 {¶ 4} On April 28, 2004, appellant was indicted by the Sandusky County Grand Jury and charged with five separate felony theft offenses. Counts 1, 2 and 3 of the indictment charged appellant with theft in violation of R.C. 2913.02(A)(1), all fifth degree felonies, Count 4 charged appellant with robbery in violation of R.C. 2911.02(A)(3), a third degree felony, and Count 5 charged appellant with burglary in violation of R.C.2911.12(A)(4), a fourth degree felony. Appellant initially entered not guilty pleas to all charges, but on January 27, 2005, appellant withdrew his not guilty pleas and entered a plea of guilty to one charge of robbery. In exchange, the state requested a nolle prosequi of the four remaining counts of the indictment. Thereafter, the court found appellant guilty, sentenced him to five years in prison, the maximum term possible, and ordered him to pay restitution to the victim of the robbery in the amount of $401.75. It is from that judgment that appellant now appeals.
 {¶ 5} In his first assignment of error, appellant asserts that the trial court erred in accepting his guilty plea to the charge of robbery where the evidence only supported a conviction for theft. In particular, appellant argues that no testimony was heard at the plea hearing that would demonstrate that appellant used force in the act of taking the victim's purse from her. Accordingly, appellant contends that his plea was not knowing, voluntary and intelligent.
 {¶ 6} Before accepting a plea of guilty, Crim.R. 11(C)(2) demands that the trial court inform a defendant of the constitutional rights he waives by entering the plea. State v.Nero (1990), 56 Ohio St.3d 106, 107. In that regard, Crim.R. 11(C)(2) provides:
 {¶ 7} "In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 {¶ 8} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 {¶ 9} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 {¶ 10} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 11} Upon appellate review, the trial court's acceptance of a guilty plea will be considered knowing, intelligent and voluntary so long as, before accepting the plea, the trial court substantially complies with the procedure set forth in Crim.R. 11(C). Nero, supra at 108. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." Id.
 {¶ 12} Appellant pled guilty to one count of robbery in violation of R.C. 2911.02(A)(3), which reads:
 {¶ 13} "(A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:
 {¶ 14} "* * *
 {¶ 15} "(3) Use or threaten the immediate use of force against another."
 {¶ 16} In pleading guilty to that offense, appellant admitted to all of the elements of that offense. Crim.R. 11(B)(1). The lower court assured appellant's understanding of the charge to which he was pleading guilty when the court engaged appellant in the following colloquy:
 {¶ 17} "THE COURT: Okay. So — And the count to which you're entering a plea of Guilty reads as follows:
 {¶ 18} "On or about February 26, 2004, in the vicinity of 121 South Fifth Street in Fremont, you did in attempting or committing a theft offense, or in fleeing immediately thereafter, use or threaten the immediate use of force against a person named Josephine McDermott.
 {¶ 19} "THE DEFENDANT: Yes, sir.
 {¶ 20} "* * *
 {¶ 21} "THE COURT: Okay. Do you understand that a plea of guilty waives, or gives up, your right to a trial, including a jury trial, on this count.
 {¶ 22} "THE DEFENDANT: Affirmative.
 {¶ 23} "THE COURT: Okay. And do you understand that this plea admits your guilt to that count?
 {¶ 24} "THE DEFENDANT: Affirmative."
 {¶ 25} After then fully informing appellant of the rights he was forfeiting by entering the guilty plea, the court asked appellant to state in his own words what he did that made him guilty of the offense of robbery. Appellant admitted that he ran up behind the elderly victim, snatched her purse and ran. He would not admit, however, that he knocked her down because, he stated, he did not see that. Upon further questioning, however, he did admit that it was possible that the victim fell but that he did not see her fall.
 {¶ 26} The term "force" as used in R.C. 2911.02(A)(3) means "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing." R.C. 2901.01(A)(1). Moreover, "the type of force envisioned by the legislature in enacting R.C. 2911.02 is `that which poses actual or potential harm to a person.'" State v. Furlow (1992), 80 Ohio App.3d 146,148, quoting State v. Carter (1985), 29 Ohio App.3d 148, 149. Surely, grabbing a purse from the arms of an elderly woman poses potential harm to that person. Appellant as much as admitted that when he stated that it was possible that the victim fell.
 {¶ 27} Upon full consideration of the record below, we find that the lower court substantially complied with Crim.R. 11(C) in accepting appellant's guilty plea and that appellant entered his plea knowingly, intelligently and voluntarily. In particular, we find that appellant was fully informed of the nature of the charges to which he was pleading guilty. The first assignment of error is not well-taken.
 {¶ 28} In his second assignment of error, appellant challenges the sentence imposed by the court below. Specifically, appellant asserts that the court did not make all of the findings required for the imposition of a maximum sentence.
 {¶ 29} Appellant was convicted of robbery, a third degree felony. He was therefore subject to a term of imprisonment of one, two, three, four or five years. R.C. 2929.14(A)(3). There is no presumption either for or against a prison sentence for a third degree felony offense. Rather, R.C. 2929.13(C) states that in determining whether to impose a prison term as a sanction for a third degree felony, the sentencing court shall comply with the purposes and principles of sentencing set forth in R.C. 2929.11
and with R.C. 2929.12. The purposes and principles of sentencing are to protect the public from future crime by the offender and others and to punish the offender. R.C. 2929.11(A). A sentencing court, however, has discretion to determine the most effective way to protect the public from future crime by the offender and others and to punish the offender. R.C. 2929.12. In exercising that discretion, R.C. 2929.12(A) directs the sentencing court to consider the factors set forth in R.C. 2929.12(B) and (C) in determining whether the offender's conduct is more serious or less serious than conduct normally constituting the offense for which the offender is being sentenced. Similarly, the sentencing court is to consider factors set forth in R.C. 2929.12(D) and (E) in determining whether the offender is more likely or less likely to commit future crimes. In making the determinations pursuant to R.C. 2929.12, the trial court is not required to use specific language or make specific findings. State v. Arnett (2000),88 Ohio St.3d 208, 215. Rather, a trial judge may satisfy his or her duty under R.C. 2929.12 with nothing more than a rote recitation that the applicable factors were considered. Id.
 {¶ 30} In order to sentence an offender to the maximum term of incarceration, a trial court must make certain findings pursuant to R.C. 2929.14(C). Specifically, "the record must reflect that the trial court imposed the maximum sentence based on the offender satisfying one of the listed criteria in R.C. 2929.14(C)." State v. Edmonson (1999), 86 Ohio St.3d 324, 329. Those criteria are: (1) the offender committed the worst form of the offense; (2) the offender poses the greatest likelihood of committing future crimes; (3) the offender is a major drug offender; and (4) the offender is a repeat violent offender. R.C.2929.14(C).
 {¶ 31} In addition, pursuant to R.C. 2929.19(B)(2)(d), if the sentencing court imposes a maximum prison term for a single offense pursuant to R.C. 2929.14(C), it must set forth its reasons for doing so. See State v. Moore (2001),142 Ohio App.3d 593, 597, citing Edmonson, supra at 328. Those reasons must be stated at the sentencing hearing. See State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165, paragraph two of the syllabus;State v. Newman, 100 Ohio St.3d 24, 2003-Ohio-4754.
 {¶ 32} At the sentencing hearing below, it is not clear that the court made the findings necessary to impose a maximum prison term for a single offense. Although the court stated that in imposing sentence, the court was required to punish the appellant and protect the public, it appears that the court only evaluated this case under the factors required for imposing a prison term greater than the shortest term authorized for the offense, as set forth in R.C. 2929.14(B). After questioning appellant about his long standing drug problem the court noted that appellant committed the instant offense while on post release control. The court then reviewed appellant's extensive history of adult felony convictions, noting that appellant had at least eight separate prison sentences, and then stated that sentencing appellant to one year, the least sentence possible for a felony three conviction, would demean the severity of the crime and would jeopardize the community. The court then stated:
 {¶ 33} "It is my judgment that, in this case, not only would sentencing you to the minimum demean the seriousness of your offense, but sentencing you to anything less than the maximum of five years would demean the seriousness of your offense. And that, sir, is my sentence. Five years."
 {¶ 34} The court never determined that appellant committed the worst form of the offense, that appellant posed the greatest likelihood of committing future crimes, that appellant was a major drug offender, or that appellant was a repeat violent offender. Accordingly, we must find the second assignment of error well-taken.
 {¶ 35} On consideration whereof, this court finds that the Sandusky County Court of Common Pleas erred in sentencing appellant. That sentence is hereby vacated and the case is remanded to the trial court for resentencing in accordance with this decision. The trial court's judgment is affirmed in all other respects. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Sandusky County.
JUDGMENT AFFIRMED IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Skow, J., Pietrykowski, J., concur.