DECISION AND JUDGMENT ENTRY
{¶ 1} Michael Wheeler ("Appellant") appeals his conviction in the Ross County Court of Common Pleas for robbery and tampering with evidence. Appellant contends that the State failed to produce sufficient evidence to prove that he was guilty of the aforementioned offenses. Because we determine that there is evidence establishing Appellant's guilt beyond a reasonable doubt, we affirm the judgment of the trial court.
 {¶ 2} The facts of this case are as follows. At around 11:00 p.m. on June 21, 2005, the manager of the Wal-Mart store in Ross County, Ohio, noticed Appellant bypass the cash registers and start walking out of the store with two DVD players in his cart. As Appellant approached the store exit, the pedestal alarm located at the exit sounded. The store manager and another store employee approached Appellant and asked him for his receipt. Appellant stated that he did not have one and claimed he had just brought the items into the store. Appellant stated that his wife had purchased the DVD players a week earlier.
 {¶ 3} The store manager examined the shipping labels on the DVD players and noticed that one of the items had been in the store for three to four days and was invoiced only recently. He informed Appellant that his wife could not have purchased the item a week before, to which Appellant replied, "Don't take my [expletive]." Appellant then attempted to exit the store through a closed door. The store manager approached Appellant and tried to recover the DVD player. A struggle ensued, and as the manager was attempting to recover the DVD player, he was struck in the left abdomen by either the box or Appellant's fist. The contact was strong enough to knock the store manager, who weighs 280 pounds, backwards and because of the contact, Appellant was able to exit out of another door. The manager testified that the contact was not an accidental.
 {¶ 4} Appellant fled from the store manager and while carrying the DVD player, climbed into a van owned by an acquaintance. Appellant then crawled out of the driver's side door of the van without the DVD player and ran back into the store. When the police arrived, they searched the van and found the DVD player in the back seat concealed underneath a cloth. The officer that examined the van testified that the DVD player box was 80% hidden and that the cloth could not have fallen on the box.
 {¶ 5} A Chillicothe police officer discovered Appellant inside Wal-Mart and attempted to detain him. As the officer began handcuffing Appellant, Appellant broke free and ran out of the store, where he was ultimately apprehended after a struggle with the officer. A Ross County jury subsequently found Appellant guilty of one count of robbery, in violation of R.C. 2911.02, a second degree felony, and one count of tampering with evidence, in violation of R.C. 2921.12, a third degree felony. Appellant now appeals his conviction, asserting the following assignment of error:
 {¶ 6} I. THE STATE FAILED TO PRODUCE SUFFICIENT EVIDENCE TO PROVE THAT WHEELER WAS GUILTY OF ROBBERY OR TAMPERING WITH EVIDENCE AS ALLEGED IN THE INDICTMENT. WHEELER'S CONVICTIONS THUS VIOLATE DUE PROCESS.
 {¶ 7} In his first assignment of error, Appellant argues that there was insufficient evidence for a jury to convict him. An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus, 574 N.E.2d 492, citingJackson v. Virginia (1979), 443 U.S. 307, 99 S.Ct. 2781. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Id. A claim of insufficient evidence raises a question of law, the resolution of which does not allow the court to weigh the evidence. State v. Martin (1983),20 Ohio App.3d 172, 175, 485 N.E.2d 717. The sufficiency of the evidence standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. Jackson, supra, at 319.
 {¶ 8} Appellant argues there is insufficient evidence to sustain convictions on the robbery and tampering with evidence charges. Appellant was convicted of robbery in violation of R.C.2911.02, which provides, in pertinent part,
(A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:
(1) Have a deadly weapon on or about the offender's person or under the offender's control;
(2) Inflict, attempt to inflict, or threaten to inflict physical harm on another;
(3) Use or threaten the immediate use of force against another.
 {¶ 9} Appellant contends that the State did not produce evidence to establish his guilt on the robbery charge beyond a reasonable doubt. He argues there was insufficient evidence presented to show that he inflicted or attempted to inflict physical harm on the store manager. Appellant, however, overlooks the use of force as a component of his offense. R.C.2901.01(A)(1) defines force as "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing." Further, in State v. Furlow (1992),80 Ohio App.3d 146, 608 N.E.2d 1112, force was defined as "actual or potential harm to persons." Thus, force and physical harm seem to be intertwined. In a recent decision, the First District Court of Appeals held that struggling over a bag with enough energy to spin the victim around, causing the victim to almost lose his or her balance, and disheveling the victim's hair constitutes use of force. See In re Walker, 2005-Ohio-2452, at ¶ 21. Additionally, in State v. Zoya (December 16, 1993), 1993 WL 526791, the Eighth District Court of Appeals held the actions of an appellant who struggled with a store manager and tried to force his way past the manager by using his body weight, twisting around and swinging his arms, were sufficient to prove force.
 {¶ 10} As applied to the case sub judice, Appellant struggled with the store manager in an attempt to carry away the DVD player. Appellant was able to wrestle the player from the manager by use of physical force. The struggle and the force used by Appellant caused the manager physical harm. The harm would not have occurred but for Appellant's attempt to steal the DVD player. Additionally, the manager testified that he was not struck accidentally. These facts and testimony would convince the average mind of the Appellant's guilt on the robbery charge beyond a reasonable doubt.
 {¶ 11} Appellant also challenges his conviction for tampering with evidence in violation of R.C. 2921.12. He argues that he only intended to deprive the store of the DVD player and he did not attempt to conceal the DVD player in order to make it unavailable for the police investigation. R.C. 2921.12(A) provides, in pertinent part:
No person, knowing that an official proceeding or investigation is in progress, or is about to be or likely to be instituted, shall do any of the following:
(1) Alter, destroy, conceal, or remove any record, document, or thing, with purpose to impair its value or availability as evidence in such proceeding or investigation."
 {¶ 12} After stealing the DVD player from the store, Appellant entered the van of an acquaintance and concealed the player underneath a cloth. This act shows that he was attempting to hide the item to render it unavailable for the police investigation. Thus, his assertion that there was insufficient evidence to support his conviction for tampering with evidence has no merit.
 {¶ 13} Therefore, because there is evidence to convince the average mind of the Appellant's guilt on the robbery and tampering with evidence charges beyond a reasonable doubt, we affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Harsha, P.J.: Concurs in Judgment Only.
Abele, J.: Concurs in Judgment and Opinion.