JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant, Jonathan Hamilton, brings this appeal challenging his conviction and sentence. After a thorough review of the record, and for the reasons set forth below, we affirm.
 {¶ 2} On November 1, 2005, appellant was indicted by the Cuyahoga County Grand Jury on five counts of rape, and one count each of kidnapping, aggravated burglary, aggravated robbery, and felonious assault. On May 2, 2007, the case proceeded to a jury trial.
 {¶ 3} The state presented seven witnesses, including the victim and the investigating detective. At trial, the following testimony was elicited from the victim. At approximately 6:00 a.m. on September 25, 2006, appellant, who is the victim's former boyfriend, accosted her outside her apartment building when she was leaving for work. He grabbed her by the throat, dragged her back into her apartment, and forced her into her bedroom. He then forced her to take off her clothes and raped her several times by placing his mouth on her vagina, as well as inserting his finger into her vagina. She started to cry, and appellant stopped what he was doing and told her to get dressed. Appellant then pushed her down the hallway into her living room, and they both left the apartment. When they were standing outside the apartment building, appellant tried to kiss her, then reached into her purse and removed her cell phone, state ID, and credit card before leaving. She went immediately to the police to file a report and then went to Hillcrest Hospital for sexual assault care.
 {¶ 4} Detective Harry Edwards testified to the following facts surrounding the alleged robbery. He stated that after appellant was arrested, he made an oral statement to *Page 4 
Det. Edwards that he took the victim's cell phone to prevent her from calling the police. Appellant's written statement did not contain a similar admission, but instead only contained an admission that appellant took the victim's phone because she and appellant were angry with each other.
 {¶ 5} At the close of the state's case, appellant moved for a Crim. R. 29 dismissal of the charges. The court granted the motion as to the aggravated robbery charge and instead proceeded on a charge of robbery, in violation of R.C. 2911.02(A)(3). The defense then presented its case, and appellant testified to the following.
 {¶ 6} Appellant claimed that he and the victim engaged in a consensual sexual encounter on the morning of September 25, 2006 in her apartment. When he and the victim left the apartment, he took her cell phone in order to listen for messages she may have received from other men. He also testified that he intended to return the cell phone to the victim, but that he had not done so because he was instructed by the police and the court to not have any further contact with her. Appellant testified that he had not taken the victim's state ID or credit card.
 {¶ 7} At the conclusion of the trial, the jury returned a verdict of guilty on Count Eight, robbery, but was deadlocked on Counts One through Seven and Count Nine. The trial court declared a hung jury on all but Count Eight and dismissed the jurors.
 {¶ 8} On July 3, 2007, appellant returned to court at which time he pleaded guilty to an amended Count One of sexual battery, in violation of R.C. 2907.03(A)(1), a third degree felony. Counts Two through Seven and Nine were nolled. The court proceeded directly to *Page 5 
sentencing on both the robbery and sexual battery charges. Both the victim and appellant were heard by the court.
 {¶ 9} The victim spoke as well as wrote a letter to the court expressing how she has suffered since the incident. She recounted how she had trusted appellant before this incident, but now she was frightened that he would show up at her home or place of work. She wrote that she has withdrawn from her family and friends, and she was forced to move because she was afraid appellant would find her and hurt her again.
 {¶ 10} Appellant spoke at sentencing and told the court that he felt the victim was being overly dramatic and that she made these accusations because she felt jilted. He said he never meant to hurt anyone; however, his statements were tempered by the fact that he claimed the victim was lying to the court.
 {¶ 11} The trial court then stated that it had considered their statements, the presentence report, and the circumstances surrounding the crimes. The trial court sentenced appellant to five years for sexual battery and four years for robbery, to run consecutively.
 Review and Analysis {¶ 12} Appellant timely appealed both his conviction for robbery and his sentences. He cites three assignments of error for our review. For ease of discussion, we will address appellant's assignments of error out of order.
 Sufficiency and Manifest Weight {¶ 13} "II. Jonathan Hamilton's conviction for robbery should be reversed due to insufficiency of evidence and a failure of the state to carry the manifest weight of the evidence burden." *Page 6 
 {¶ 14} In his second assignment of error, appellant argues that his robbery conviction was based on insufficient evidence and was against the manifest weight of the evidence. He specifically argues that the state failed to present evidence of force in order to sustain a robbery conviction, even if the victim's testimony is believed. We find no merit in this argument.
 {¶ 15} An appellate court's function in reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of defendant's guilt beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492. Whether the evidence is legally sufficient to sustain a verdict is a question of law. State v. Robinson (1955), 162 Ohio St. 486, 124 N.E.2d 148. A challenge to the sufficiency of the evidence supporting a conviction requires a court to determine whether the state has met its burden of production at trial. State v. Thompkins, 78 Ohio St.3d 380,1997-Ohio-52, 678 N.E.2d 541.
 {¶ 16} Sufficiency of the evidence is subjected to a different standard than is manifest weight of the evidence. Article IV, Section 3(B)(3) of the Ohio Constitution authorizes appellate courts to assess the weight of the evidence independently of the fact-finder. "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v.Martin (1983), 20 Ohio App.3d 172, 485 N.E.2d 717. *Page 7 
 {¶ 17} Appellant was found guilty of robbery, in violation of R.C. 2911.02(A)(3). This statute provides: "No person, in attempting or committing a theft offense or fleeing immediately after the attempt or offense, shall do any of the following: * * *, (3) Use or threaten immediate use of force against another." R.C. 2901. The term "force" is defined in R.C. 2901.01(A) as "any violence, compulsion, or constraint physically exerted by any means upon a person or thing."
 {¶ 18} In State v. Furlow (1992), 80 Ohio App.3d 146, 608 N.E.2d 1112, the court noted that "the definition of `force' in R.C. 2901.01(A), without more, does not serve to sufficiently distinguish the offenses of theft and robbery, which carry very different penalties. * * * [R]equiring that the force necessary to elevate a theft to a robbery involve actual or potential harm provides a meaningful distinction between the two offenses." Id.
 {¶ 19} "The test for the force or threat of force element in a robbery prosecution is objective. The element is satisfied if the accused's conduct `in reason and common experience is likely to induce a person to part with property against his will and temporarily suspend his power to exercise his will by virtue of the influence of the terror impressed.'"State v. Foster, Cuyahoga App. No. 90109, 2008-Ohio-2933.
 {¶ 20} We find that the state produced sufficient evidence of force to support a robbery conviction. We do not accept appellant's narrow view of whether he exerted force against the victim only outside her apartment when he took her phone. Instead, we consider all the evidence presented at trial, and we conclude there was evidence that the sum total of appellant's conduct that morning was likely to induce the victim to part with her cell phone by virtue of the terror impressed upon her by appellant both inside and outside the apartment. *Page 8 
 {¶ 21} Furthermore, we do not find that the robbery conviction was against the manifest weight of the evidence. Both the victim and appellant testified as to the events that occurred that morning. Based on their testimony, the jury was deadlocked on eight of the nine counts of the indictment. Clearly, the jury engaged in lengthy deliberations, as demonstrated by its struggle to reach consensus on all but the robbery charge. We do not find that the jury lost its way in finding appellant guilty of robbery. Appellant's second assignment of error is overruled.
 Sentence {¶ 22} "I. The trial court abused its discretion in imposing consecutive sentences for sexual battery and robbery."
 {¶ 23} "III. Jonathan Hamilton is entitled to a presumptive minimum concurrent sentence because a greater sentence would violate the Ex Post Facto and Due Process Clauses of the United States Constitution."
 {¶ 24} Appellant's first and third assignments of error relate to his sentence, so we address them together. In his first assignment of error, appellant argues that he should not have received consecutive sentences on the sexual battery and robbery convictions. In his third assignment of error, he argues that he should have received the minimum sentence on both convictions. Based on the Ohio Supreme Court's decision inState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, we find no merit in either of appellant's arguments.
 {¶ 25} The Ohio Supreme Court has held that "trial courts have full discretion
 {¶ 26} to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more *Page 9 
than the minimum sentences." Foster supra, paragraph seven of the syllabus; State v. Mathis, 109 Ohio St.3d 54, 2006-Ohio-855,846 N.E.2d 1, paragraph three of the syllabus.[1]
 {¶ 27} Appellant was sentenced to five years for sexual battery and four years for robbery, both of which are terms of imprisonment within the statutory range. Therefore, we consider whether the trial court's decision to run the five-and four-year terms consecutively was an abuse of discretion. To constitute an abuse of discretion, the ruling must be more than legal error; it must be unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,450 N.E.2d 1140.
 {¶ 28} Our review of a felony sentence includes a review of: 1) the presentence investigation report; 2) the trial court record in the case in which the sentence was imposed; and 3) any oral or written statements made to or by the court at the sentencing hearing at which the sentence was imposed. State v. Kingrey, Delaware App. No. 04CAA04029,2004-Ohio-4605, ¶ 14.
 {¶ 29} Implicit in the court's sentencing colloquy was its belief that appellant needed to be punished and society needed to be protected from him. It addressed the policy considerations stated in R.C. 2929.11 and2929.12. Specifically, the court considered the harm done by appellant's conduct to the victim's psychological and physical well-being in light of the victim's statement to the court at sentencing. *Page 10 
 {¶ 30} We find that appellant's sentence is consistent with convictions for sexual battery and robbery; therefore, we overrule appellant's first and third assignments of error.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MELODY J. STEWART, P.J., CONCURS; ANN DYKE, J., CONCURS IN JUDGMENT ONLY.
[1] We acknowledge that the Ohio Supreme Court's recent decision inState v. Kalish, Slip Opinion No. 2008-Ohio-4912, sets forth a two-prong test for review of sentences. We note that Kalish is a plurality opinion; therefore, it is merely persuasive. *Page 1